**Randall Morgan HARRISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–89–00171–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 15, 1990.

Publication Ordered March 29, 1990.

OPINION

WARREN, Justice.

Randall Morgan Harrison appeals from a conviction for driving while intoxicated, for which he received a two year probated sentence and a $250 fine.

On August 30, 1988, while officer J.S. King was on duty with the Bellaire Police Department, he stopped an individual on the 610 Loop for a traffic violation. Both King and the stopped vehicle were positioned on the shoulder of the freeway when appellant drove by in his vehicle, barely missing the officer's patrol unit. King abandoned his effort to write a traffic ticket for the driver he had stopped, ran back to his patrol unit, and proceeded to follow appellant's vehicle.

King caught up to appellant and pulled him over. Appellant got out of his car and walked to the back of it to speak with Officer King. King inquired whether appellant knew why he had been stopped, and appellant said he did not. Appellant was then asked whether he recalled seeing the officer or the officer's vehicle on the roadside. Appellant replied that he had seen the police car, but he did not recall seeing the officer. King then noticed the smell of alcohol on appellant's breath and asked him if he had been drinking. Appellant stated that he had consumed from three to five beers. King then observed appellant's red, glassy eyes, and advised him he was under arrest for suspicion of driving while intoxicated.

Before trial, appellant filed a motion to suppress the statement he made regarding his consumption of alcohol. The court held a pre-trial hearing on the motion to suppress, outside the jury's presence. Appellant argued that the statement was inadmissible because it was made before he was given the warnings prescribed by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and was in violation of Tex.Code Crim.P.Ann. art. 38.-22 (Vernon 1979), which makes oral admissions, made while in custody, inadmissible, absent certain procedural safeguards. The court ruled that the statement was admissible.

Garland McInnis, Jr., Houston, for appellant.

John Holmes, Dist. Atty., Cheryl Boyd, Kari Sckerl, Asst. Dist. Attys., Houston, for appellee.

Before COHEN, DUNN and WARREN, JJ.

394

On appeal, appellant again urges, in two points of error, that the statement he made regarding his consumption of alcohol was inadmissible because he had not been given his *Miranda* rights, and because the statement was admitted in violation of art. 38.-22. Appellant argues that he was entitled to the *Miranda* warnings because he was clearly in custody for the following reasons: 1) Officer King had probable cause to arrest him for any number of traffic offenses; 2) King never gave appellant the impression that he was free to leave; and, 3) stopping appellant's vehicle was a significant restriction of his freedom of movement.

■ The requirements of *Miranda* and of article 38.22 apply only to statements made as a result of "custodial interrogation." *Holland v. State*, 770 S.W.2d 56, 58 (Tex.App.—Austin 1989, writ granted). Custodial interrogation means questioning initiated by police after a person has been "taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444, 86 S.Ct. at 1612. The *Miranda* court held:

> [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of [a] defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.

*Id.*

The U.S. Supreme Court has held that *Miranda* warnings are generally not required for the detention of a motorist pursuant to a traffic stop for two reasons: 1) there is a presumption that the stop will be temporary and brief, and that once the necessary questions are asked and a citation issued, the motorist will be free to go; and 2) the public "atmosphere surrounding the ordinary traffic stop is substantially less 'police dominated' than that surrounding the kinds of interrogation at issue in *Miranda*." *Berkemer v. McCarty*, 468 U.S. 420, 437–40, 104 S.Ct. 3138, 3148–50, 82 L.Ed.2d 317 (1984). However, the Supreme Court went on to hold that if a motorist is subjected to treatment that ren-

ders him "in custody" for practical purposes, he would be entitled to *Miranda* protections. *Id.* at 440, 86 S.Ct. at 1610.

Appellant relies on *Berkemer* for his argument that, although he was stopped for a traffic violation, he was subjected to treatment that rendered him in custody, thus entitling him to *Miranda* warnings. *Berkemer* is distinguishable, however, because Berkemer's right to *Miranda* warnings was not triggered until *after* he failed a field sobriety test, admitted consuming two beers and smoking marijuana, was placed under arrest, and put into the patrol car to be taken to the police station. We agree that, under *Berkemer*, any statements made by appellant *after* being placed under arrest for a traffic offense and put into the patrol car, but before being informed of his *Miranda* rights, would have been inadmissible. But, this does not mean that any statement made prior to his arrest would also be inadmissible.

The Texas Court of Criminal Appeals has delineated a set of factors to be examined in light of the specific facts of each case to ascertain whether a person is "in custody," so as to invoke the protections of *Miranda* and, thus, article 38.22. Those factors are: 1) whether probable cause to arrest existed; 2) whether the defendant was the focus of the investigation; 3) the subjective intent of the police; and, 4) the subjective belief of the defendant. *Wicker v. State*, 740 S.W.2d 779, 786 (Tex.Crim.App.1987), *cert. denied*, 485 U.S. 938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988).

Appellant relies on *Newberry v. State*, 552 S.W.2d 457 (Tex.Crim.App.1977), in urging that he was in custody, because no reasonable person in his position would have believed that he would be set free after a ticket and a lecture, under the same set of circumstances. We find that *Newberry* is distinguishable, however, not on the subjective belief of the defendant, but on the subjective intent of the police, as set out in *Wicker*. In *Newberry*, *prior to* the accused's admissions regarding drinking, the police officer had formed an opinion that the accused was intoxicated and he

considered appellant to be in custody, and would not have let him leave. *Newberry,* 552 S.W.2d at 461. Here, Officer King had not placed the appellant in custody and had not formed an opinion that appellant was intoxicated until *after* the oral statement was made. *See Bradeen v. State,* 711 S.W.2d 263, 264 (Tex.App.—Dallas 1986, no pet.).

■ Applying the factors set out in *Wicker,* we find that appellant was not in custody at the time he made the statement. It was not established at trial that Officer King had probable cause to arrest appellant at the time the statement was made. Though appellant was the focus of the officer's investigation, we do not find that the subjective intent of the officer, or the subjective belief of appellant, was that appellant would be arrested for driving while intoxicated. Appellant had been pulled over for driving too close to the officer's patrol car. The officer was just beginning to form a suspicion that appellant was intoxicated when the statement was made. We overrule appellant's first point of error.

An oral admission made while in custody is generally inadmissible under article 38.-22, section 3. Section 5, however, states that "Nothing in this article precludes the admission of a statement ... that does not stem from custodial interrogation...." Tex.Code Crim.P.Ann. art 38.22, sec. 5 (Vernon 1979). Our holding in the first point of error, that the appellant's statement was not made while in custody, is dispositive of his second point.

We overrule appellant's second point of error, and affirm the conviction.