THROWER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-121-CR

JERRY DEWAYNE THROWER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16
TH
 DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

Appellant, Jerry Dewayne Thrower, appeals from his conviction for driving while intoxicated.  In two points, appellant complains that 
the trial court erred in denying his motion to suppress evidence and 
by ruling that appellant was not entitled to assistance of counsel at the time of his arrest.  We affirm.

FACTS

On June 22, 2002, while appellant was driving his truck, a police officer pulled him over because a computer search indicated that appellant’s vehicle registration had expired.  The officer approached the car and asked appellant for his driver’s license and proof of insurance.  
Appellant gave the officer his license, but said he did not have any insurance. 
 During the stop, the officer noticed an alcohol smell, an ice chest on the front passenger seat, and that appellant had bloodshot eyes.  
The officer asked appellant whether he had consumed any alcoholic beverages and appellant admitted to drinking three to four beers.  
After appellant’s admission, the officer conducted field sobriety tests on him.
(footnote: 1)  
Appellant failed all three tests.

Because of his poor performance on the tests, the officer placed appellant under arrest for the offense of driving while intoxicated (DWI). 
 During the inventory search of the truck, the officer discovered a half-full bottle of beer in an ice chest.  
At the police station, an officer gave appellant his 
Miranda
 warnings.  
At trial, the court denied
 appellant’s motion to suppress the evidence discovered during the stop.

At the hearing on the motion to suppress, the defense submitted exhibits regarding the vehicle’s registration.  The registration was effective June 24, 2002 through May 2003.  Appellant argues that since the registration expired in May 2003 and was good for one year, it must have been effective during the traffic stop on June 22, 2002.  However, the documentation admitted by appellant shows that the registration was not effective until June 24, 2002, two days after the stop.

Issues on Appeal

In two points, appellant challenges the court’s denial of his motion to suppress the evidence the officer obtained during the inventory search and the statement made to the officer before appellant received his 
Miranda
 warnings.

Standard of Review

We review a trial court's denial of a motion to suppress for abuse of discretion.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000);  
Oles v. State
, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  There is an abuse of discretion when the ruling was so clearly wrong as to be outside that zone within which reasonable persons might disagree.  
Cantu v. State
, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), 
cert. denied,
 509 U.S. 926 (1993).  We afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's fact findings are based upon an evaluation of credibility and demeanor.  
State v. Ross
, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).  We afford the same amount of deference to the trial court's rulings on mixed questions of law and fact, if the resolution of those questions turns on an evaluation of credibility and demeanor.  
Carmouche
, 10 S.W.3d at 332; 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App.1997).  We review de novo the trial court's application of law to those facts in the determination of reasonable suspicion and probable cause.  
Carmouche
, 10 S.W.3d at 327;  
Guzman
, 955 S.W.2d at 89.

When the trial court does not make explicit findings of historical facts, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supporting its ruling, if those findings are supported by the record.  
Carmouche
, 10 S.W.3d at 327-28.  In determining whether a trial court's decision is supported by the record, we generally consider only evidence adduced at the suppression hearing because the ruling was based on it rather than evidence introduced later.  
Rachal v. State
, 917 S.W.2d 799, 809 (Tex. Crim. App.), 
cert. denied
,  519 U.S. 1043 (1996); 
James v. State
, 102 S.W.3d 162, 170
 (Tex. App.—Fort Worth 2003, pet ref’d).

Discussion

In his first point, appellant complains that 
the trial court erred in denying his motion to suppress evidence of the traffic stop and the evidence gathered by the officer during the stop.  Moreover, he argues that the trial court erred by ruling that the arresting officer had probable cause to stop appellant at the time of his arrest.  Specifically, appellant contends that the stop and all the evidence gained by the officer during the stop should have been suppressed at trial for several reasons.  

First, appellant argues that the officer did not have probable cause to stop him for an expired registration.  He reasons that probable cause to stop appellant for an expired registration sticker may have existed initially, but that the officer “lost probable cause to continue his investigation” when the officer came up to the car and could see that the registration sticker had not expired.  Second, appellant claims that the officer lacked reasonable suspicion to stop his car because the registration sticker was not expired and he had committed no traffic offense.  The State responds that 
the trial court did not abuse its discretion by denying appellant’s motion to suppress evidence from appellant’s stop because the officer had reasonable suspicion to effectuate the stop and continue his investigative detention.

We begin with the officer’s testimony that he initially stopped and temporarily detained appellant for the traffic offense of driving with an expired registration.  
See
 
Tex. Transp. Code Ann.
 § 502.002(a) (Vernon 1999).  A police officer has the authority to stop and temporarily detain a driver who has violated a traffic law.  
Armitage v. State
, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); 
Santos v. State
, 822 S.W.2d 338, 341 (Tex. App.—Houston [1
st
 Dist.] 1992, pet. ref'd).  It is a traffic violation in Texas to operate a motor vehicle on a public highway without current registration.  
Tex. Transp. Code Ann.
 § 502.002(a).  Any peace officer may arrest, without a warrant, a person found committing a violation of the Texas traffic laws because a
 violation of the traffic laws constitutes probable cause to arrest the violator.  
See id.
 
§ 543.001; 
Snyder v. State,
 629 S.W.2d 930, 934 (Tex. Crim. App 1982) (op. on reh'g) (holding that
 absence of brake lights and a valid inspection sticker authorized police officer to arrest the defendant without a warrant;  likewise, officer had probable cause to arrest defendant due to his failure to produce a valid driver's license); 
State v. Ayala
, 981 S.W.2d 474, 476 (Tex. App.—El Paso 1998, pet. ref’d) (holding that police officer's observation of defendant committing traffic offense of failing to drive his vehicle in single lane gave officer probable cause to stop vehicle and arrest defendant, thereby obviating need for reasonable suspicion). 

Once a police officer makes a bona fide stop or arrest for a traffic offense, he can make an additional arrest for any other offense unexpectedly discovered while investigating or questioning a motorist. 
See Hernandez v. State
, 867 S.W.2d 900, 907 (Tex. App.—Texarkana 1993, no pet.).  Incident to the latter action, he may also conduct a search. 
 See
 Little v. State
, 853 S.W.2d 179, 184 (Tex. App.—Corpus Christi 1993, no pet.).  Thus, the officer in the present case, having validly stopped and detained appellant for the offense of driving with an expired registration, was authorized to investigate whether he had a valid driver's license or proof of insurance.  
See
 Tex. Transp. Code Ann. 
§§ 521.025, 601.053 (Vernon 1999); 
Davis v. State
, 947 S.W.2d 240, 245 n.6 (Tex. Crim. App. 1997).  Additionally, the officer was authorized to investigate appellant's 
alcohol smell, the ice chest on the front passenger seat, and appellant’s bloodshot eyes 
by conducting field-sobriety tests to determine if appellant had driven while intoxicated. 

In the absence of probable cause, law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest.  
Terry v. Ohio
, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968).  The standard of reasonable suspicion, a lower standard derived from probable cause, applies to those brief detentions which fall short of full scale searches and seizures.  
Woods v. State
, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).  "Reasonable suspicion" exists if the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity.  This standard is an objective one:  there need only be an objective basis for the stop;  the subjective intent of the officer conducting the stop is irrelevant.  The reasonable suspicion determination is made by considering the totality of the circumstances.  
McQuarters v. State
, 58 S.W.3d 250, 255 (Tex. App.—Fort Worth 2001, pet. ref’d) (citing 
Garcia v. State
, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001)).  To initiate an investigative stop, the officer must possess a reasonable suspicion based on specific articulable facts that, in light of the officer’s experience and general knowledge, would lead the officer to the reasonable conclusion that criminal activity is underway and that the detained person is connected to the activity.  
Terry
, 392 U.S. at 30, 88 S. Ct. at 1884
; Woods
, 956 S.W.2d at 38
; King v. State
, 35 S.W.3d 740, 743 (Tex. App.—Houston [1
st
 Dist.] 2000, no pet.). 
 These facts must amount to more than a mere hunch or suspicion.  
Davis
, 947 S.W.2d at 244. 

During an investigative traffic stop, an officer is entitled to request information concerning the driver's license, ownership of the vehicle, the driver's insurance information, the driver's destination, and the purpose of the trip.  
Mohmed v. State
, 977 S.W.2d 624, 628 (Tex. App.—Fort Worth 1998, pet. ref'd). 
 As we noted, an expired vehicle registration and lack of insurance both constitute traffic violations and alone provide probable cause to arrest appellant.  
See 
Tex. Transp. Code Ann.
 §§ 502.407, 543.001, 601.051 (Vernon 1999 & Supp. 2004).
 
 Additionally, these violations provide the officer with a basis for reasonable suspicion on which to detain the violator for further investigation. 
See
 
Renteria v. State
, 989 S.W.2d 114, 118 (Tex. App.—San Antonio 1999, pet. ref’d);
 Kelly v. State
, 721 S.W.2d 586, 587 (Tex. App.—Houston [1
st
 Dist.] 1986, no pet.)  The officer who hears or becomes aware of other evidence from or about the suspect that raises a reasonable suspicion that the driver is intoxicated has probable cause to conduct an investigation of possible driving while intoxicated.  
See McQuarters
, 58 S.W.3d at 256; 
Davis
, 947 S.W.2d at 245; 
McClain v. State
, 984 S.W.2d 700, 704 (Tex. App.—Texarkana 1998, pet. ref’d). 

Although a violation of a traffic law is sufficient authority for an officer to stop a vehicle, it does not constitute "custody" for 
Miranda
 purposes.  
See Berkemer v. McCarty
, 468 U.S. 420, 421, 104 S. Ct. 3138, 3141 (1984)
;
 Armitage
, 637 S.W.2d at 939; 
see also Valencia v. State
, 820 S.W.2d 397, 400 (Tex. App.—Houston [14
th
 Dist.] 1991, pet. ref'd) (holding that after a valid traffic stop officer may conduct a brief investigative detention of vehicle occupants based upon observations of suspicious activity before and after the stop and knowledge of frequency of crime in the area, and the reasonable inferences drawn from the occupant's behavior). 
 A routine traffic stop is a temporary investigative detention.  
See Berkemer
, 468 U.S. at 439-40
, 104 S. Ct. at 3150. 

To justify a warrantless arrest, the State has the burden to prove probable cause existed when the officer made the arrest.  
Roberts v. State
, 545 S.W.2d 157, 158 (Tex. Crim. App. 1977).  In order to make a full custodial arrest, an officer must have probable cause to believe the person he is arresting has committed or is committing an offense.  
See Beck v. Ohio
, 379 U.S. 89, 91, 85 S. Ct. 223, 225 (1964);
 Amores v. State
, 816 S.W.2d 407, 411 (Tex. Crim. App. 1991); 
Josey v. State
, 981 S.W.2d 831, 839 (Tex. App.—Houston [14
th
 Dist.] 1998, pet. ref’d).
 
 Probable cause to arrest exists when the arresting officer has knowledge of facts and circumstances which are reasonably trustworthy, and are sufficient in and of themselves to warrant a person of reasonable caution to believe that an offense has been or is being committed.  
See Amores
, 816 S.W.2d at 411. 
 Probable cause requires more than mere suspicion but far less evidence than is needed to support a conviction or to support a finding by a preponderance of the evidence.  
See
 
Woodward v. State
, 668 S.W.2d 337, 345 (Tex. Crim. App. 1982) (op. on reh'g).
   

In the case at bar, the officer pulled appellant over because his computer search of appellant’s license revealed that the registration had expired in April 2002.  After appellant pulled over, the officer asked him for his license and proof of insurance.  Appellant admitted that he did not have insurance.  The officer detained appellant because of his lack of insurance, which alone constitutes a traffic violation, not the alleged expired registration.  
See 
Transp. Code Ann.
 § 601.051
; see also Kennedy v. State, 
847 S.W.2d 635, 636 (Tex. App.—Tyler 1993, no pet.) (holding that the officer’s observation of a faded, temporary registration “dealer’s tag” gave the officers reasonable suspicion to stop the car for further investigation, and that the defendant was not stopped because the tag was a traffic violation, but because the tag was an indication that a violation was occurring).

After the officer ran appellant’s driver’s license, he spoke to appellant and noticed that appellant exhibited signs of possible intoxication.  Specifically, he noted that appellant had bloodshot, watery eyes, that he smelled of alcohol, and that an ice chest was sitting in the front passenger seat.  When asked, appellant admitted to drinking three or four beers.  Based upon the officer’s observations, and the appellant’s admission, the officer had reasonable suspicion to justify the continued detention of appellant in order to determine whether he was intoxicated.  Moreover, prior to establishing that the DWI offense had occurred, the officer already had probable cause to arrest appellant for driving without insurance.  
See 
Transp. Code Ann.
 § 601.051.

After appellant failed all three sobriety tests, the officer acted appropriately when he arrested appellant for DWI because appellant’s failure to pass the tests, combined with the officer’s observations and appellant’s admission, constituted probable cause to justify the warrantless arrest.  We hold 
that 
the trial court did not abuse its discretion by denying appellant’s motion to suppress the evidence obtained as a result of the stop because the officer had reasonable suspicion to effectuate the stop and continue his investigative detention.
  Moreover, the officer’s investigation provided probable cause to justify appellant’s arrest for DWI.  We overrule appellant’s first point.

In appellant’s second point, he complains that the trial court erred by denying his motion to suppress and by ruling that he was not entitled to the assistance of counsel at the time of his arrest.  However, the body of appellant’s argument does not address the assistance of counsel issue, nor does he point to any authority in support of the proposition that a defendant is entitled to an attorney at the time of his arrest.  Under this point, appellant does, however, discuss the issues of custodial interrogation and the necessity of 
Miranda
 warnings.  Therefore, because appellant cites no authority, and only mentions the assistance of counsel issue in his headings, we will not address the assistance of counsel issue.  Rather, we will confine our discussion to appellant’s specific arguments regarding custodial interrogation and 
Miranda
 warnings under his second point.  
See
 
Tex. R. App. P.
 38.1(h), 47.1;
 
Salazar v. State
, 38 S.W.3d 141, 147 (Tex. Crim. App. 2001).

Specifically, appellant complains that his statement to the officer, that he drank “three or four beers,” was an inadmissible statement because it was not made voluntarily due to the fact that he made it during a custodial interrogation and before the officer gave appellant his 
Miranda 
warnings and the warnings required under article 38.22 of the code of criminal procedure.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.22 (Vernon Supp. 2004); 
Miranda v. Arizona
, 384 U.S. 436, 86 S. Ct. 1602 (1966).  Appellant contends that the court erred in overruling his objection to the statement and in admitting the statement into evidence. 

The State argues that appellant was not in custody when he made the statement, but rather that appellant made the statement during investigatory questioning pursuant to a routine traffic stop.  Nothing in 
Miranda
 or article 38.22 precludes the admission of a statement made by an accused that does not stem from custodial interrogation.  Therefore, if the appellant was not subject to custodial interrogation when he made the statement, the statement was admissible. 

In deciding whether a person is in custody, the ultimate inquiry is whether there was a formal arrest or restraint of freedom of movement of the degree associated with a formal arrest. 
 California v. Beheler
, 463 U.S. 1121, 1125, 103 S. Ct. 3517, 3520 (1983). Four general situations that may constitute custody arise when: (1) the suspect is physically deprived of freedom in a significant way; (2) an officer tells a suspect he cannot leave; (3) an officer creates a situation that would lead a reasonable person to believe there was a significant restraint upon his freedom; or (4) there was probable cause to arrest.  
Silva v. State
, 936 S.W.2d 721, 726 (Tex. App.—El Paso 1996, no pet.).  To determine whether a person is in custody, we consider the following criteria: (1) whether probable cause existed to arrest; (2) whether the defendant was the focus of the investigation; (3) the subjective intent of the police; and (4) the subjective intent of the defendant. 
 
State v. Stevenson
, 958 S.W.2d 824, 826 (Tex. Crim. App. 1997); 
Wicker v. State
, 740 S.W.2d 779, 786 (Tex. Crim. App. 1987), 
cert. denied
, 485 U.S. 938 (1988).  These factors are relevant, however, only to the extent that they are manifested to the defendant by the police officer's words or actions. 
 Stevenson
, 958 S.W.2d at 829.  The custody determination is based entirely upon objective circumstances. 
 Id.
  

Appellant contends that the investigative detention for the traffic offense escalated into a custodial interrogation when the officer began asking him questions for the specific purpose of obtaining information concerning appellant’s state of intoxication.  However, the fact that the appellant became the focus of a DWI investigation does not automatically convert an investigatory detention into an arrest and custodial interrogation. 
 See Berkemer,
 468 U.S. at 439, 104 S. Ct. at 3150; 
Stevenson
, 958 S.W.2d at 829.  

In both 
Berkemer
 and 
Stevenson
, the court found custody did not occur until after the defendant failed the field sobriety test.  In 
Berkemer
, the officer stopped the driver of a car because he was weaving between lanes.  The driver appeared to be intoxicated, so the officer gave him a field sobriety test.  During the test, the officer asked the appellant if he had been drinking.  The appellant answered yes, that he had had two beers and some marijuana.  
Berkemer,
 468 U.S. at 423-24, 104 S. Ct. at 3141-42.  The court found that the statement was admissible because it was made before the officer had decided to arrest the defendant.  
Id.
 at 442, 104 S. Ct. at 3151-52.  Likewise, in 
Stevenson
, the court found that a question concerning whether the appellant had been drinking was admissible as a statement made during the continuing DWI investigation, but before appellant had been placed under arrest.  
Stevenson
, 958 S.W.2d at 829; 
see also Harrison v. State,
 788 S.W.2d 392, 395 (Tex. App.—Houston [1
st
 Dist.] 1990, no pet.); 
Galloway v. State,
 778 S.W.2d 110, 112 (Tex. App.—Houston [14
th
 Dist.] 1989, no pet.) (both holding that admissions of consumption of alcoholic beverages made during investigatory stops are admissible). 

Clearly, the appellant became the focus of the investigation when the officer asked him whether he had been drinking.  While questions concerning alcoholic consumption and the giving of field sobriety test are indicia that the appellant is under suspicion, they have been found not to be so intrusive as to escalate an investigatory stop into a custodial interrogation.  
See Berkemer
, 468 U.S. at 439, 104 S. Ct. at 3150; 
Stevenson,
 958 S.W.2d at 828; 
Harrison,
 788 S.W.2d at 394
; 
Galloway,
 778 S.W.2d at 112
.  

Thus, we hold that appellant was not in custody when he made the admission to drinking or took the sobriety tests.  Therefore, his statements and the evidence gathered at the stop were admissible and not a violation of appellant’s Fourth Amendment rights. 
 Appellant’s second point is overruled.

Having overruled both of appellant’s points, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 11, 2003

FOOTNOTES
1:
On the horizontal gaze nystagmus test, appellant exhibited four clues of intoxication.  During the walk and turn test, appellant exhibited six clues of intoxication.  Additionally, appellant was unable to complete the one-legged-stand test.