COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-121-CR
 
JERRY DEWAYNE THROWER                                                  APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM THE 16TH DISTRICT COURT OF DENTON 
COUNTY
 
------------
 
OPINION
 
------------
        Appellant, 
Jerry Dewayne Thrower, appeals from his conviction for driving while 
intoxicated. In two points, appellant complains that the trial court erred in 
denying his motion to suppress evidence and by ruling that appellant was not 
entitled to assistance of counsel at the time of his arrest. We affirm.
FACTS
        On 
June 22, 2002, while appellant was driving his truck, a police officer pulled 
him over because a computer search indicated that appellant’s vehicle 
registration had expired. The officer approached the car and asked appellant for 
his driver’s license and proof of insurance. Appellant gave the officer his 
license, but said he did not have any insurance. During the stop, the officer 
noticed an alcohol smell, an ice chest on the front passenger seat, and that 
appellant had bloodshot eyes. The officer asked appellant whether he had 
consumed any alcoholic beverages and appellant admitted to drinking three to 
four beers. After appellant’s admission, the officer conducted field sobriety 
tests on him. 

 Appellant failed all three tests.
        Because 
of his poor performance on the tests, the officer placed appellant under arrest 
for the offense of driving while intoxicated (DWI). During the inventory search 
of the truck, the officer discovered a half-full bottle of beer in an ice chest. 
At the police station, an officer gave appellant his Miranda warnings. At 
trial, the court denied appellant’s motion to suppress the evidence discovered 
during the stop.
        At 
the hearing on the motion to suppress, the defense submitted exhibits regarding 
the vehicle’s registration. The registration was effective June 24, 2002 
through May 2003. Appellant argues that since the registration expired in May 
2003 and was good for one year, it must have been effective during the traffic 
stop on June 22, 2002. However, the documentation admitted by appellant shows 
that the registration was not effective until June 24, 2002, two days after the 
stop.
Issues on Appeal
        
In two points, appellant challenges the court’s denial of his motion to 
suppress the evidence the officer obtained during the inventory search and the 
statement made to the officer before appellant received his Miranda 
warnings.
Standard of Review
        We 
review a trial court's denial of a motion to suppress for abuse of discretion. Carmouche 
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Oles v. State, 
993 S.W.2d 103, 106 (Tex. Crim. App. 1999). There is an abuse of discretion when 
the ruling was so clearly wrong as to be outside that zone within which 
reasonable persons might disagree. Cantu v. State, 842 S.W.2d 667, 682 
(Tex. Crim. App. 1992), cert. denied, 509 U.S. 926 (1993). We afford 
almost total deference to a trial court's determination of the historical facts 
that the record supports, especially when the trial court's fact findings are 
based upon an evaluation of credibility and demeanor. State v. Ross, 32 
S.W.3d 853, 856 (Tex. Crim. App. 2000). We afford the same amount of deference 
to the trial court's rulings on mixed questions of law and fact, if the 
resolution of those questions turns on an evaluation of credibility and 
demeanor. Carmouche, 10 S.W.3d at 332; Guzman v. State, 955 S.W.2d 
85, 89 (Tex. Crim. App.1997). We review de novo the trial court's application of 
law to those facts in the determination of reasonable suspicion and probable 
cause. Carmouche, 10 S.W.3d at 327; Guzman, 955 S.W.2d at 89.
        When 
the trial court does not make explicit findings of historical facts, we view the 
evidence in the light most favorable to the trial court's ruling and assume that 
the trial court made implicit findings of fact supporting its ruling, if those 
findings are supported by the record. Carmouche, 10 S.W.3d at 327-28. In 
determining whether a trial court's decision is supported by the record, we 
generally consider only evidence adduced at the suppression hearing because the 
ruling was based on it rather than evidence introduced later. Rachal v. State, 
917 S.W.2d 799, 809 (Tex. Crim. App.), cert. denied, 519 U.S. 1043 
(1996); James v. State, 102 S.W.3d 162, 170 (Tex. App.—Fort Worth 2003, 
pet ref’d).
Discussion
        In 
his first point, appellant complains that the trial court erred in denying his 
motion to suppress evidence of the traffic stop and the evidence gathered by the 
officer during the stop. Moreover, he argues that the trial court erred by 
ruling that the arresting officer had probable cause to stop appellant at the 
time of his arrest. Specifically, appellant contends that the stop and all the 
evidence gained by the officer during the stop should have been suppressed at 
trial for several reasons.
        First, 
appellant argues that the officer did not have probable cause to stop him for an 
expired registration. He reasons that probable cause to stop appellant for an 
expired registration sticker may have existed initially, but that the officer 
“lost probable cause to continue his investigation” when the officer came up 
to the car and could see that the registration sticker had not expired. Second, 
appellant claims that the officer lacked reasonable suspicion to stop his car 
because the registration sticker was not expired and he had committed no traffic 
offense. The State responds that the trial court did not abuse its discretion by 
denying appellant’s motion to suppress evidence from appellant’s stop 
because the officer had reasonable suspicion to effectuate the stop and continue 
his investigative detention.
        We 
begin with the officer’s testimony that he initially stopped and temporarily 
detained appellant for the traffic offense of driving with an expired 
registration. See Tex. Transp. 
Code Ann. § 502.002(a) (Vernon 1999). A police officer has the authority 
to stop and temporarily detain a driver who has violated a traffic law. Armitage 
v. State, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); Santos v. State, 
822 S.W.2d 338, 341 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). 
It is a traffic violation in Texas to operate a motor vehicle on a public 
highway without current registration. Tex. 
Transp. Code Ann. § 502.002(a). Any peace officer may arrest, without a 
warrant, a person found committing a violation of the Texas traffic laws because 
a violation of the traffic laws constitutes probable cause to arrest the 
violator. See id. § 543.001; Snyder v. State, 629 S.W.2d 930, 934 
(Tex. Crim. App 1982) (op. on reh'g) (holding that absence of brake lights and a 
valid inspection sticker authorized police officer to arrest the defendant 
without a warrant; likewise, officer had probable cause to arrest defendant due 
to his failure to produce a valid driver's license); State v. Ayala, 981 
S.W.2d 474, 476 (Tex. App.—El Paso 1998, pet. ref’d) (holding that police 
officer's observation of defendant committing traffic offense of failing to 
drive his vehicle in single lane gave officer probable cause to stop vehicle and 
arrest defendant, thereby obviating need for reasonable suspicion).
        Once 
a police officer makes a bona fide stop or arrest for a traffic offense, he can 
make an additional arrest for any other offense unexpectedly discovered while 
investigating or questioning a motorist. See Hernandez v. State, 867 
S.W.2d 900, 907 (Tex. App.—Texarkana 1993, no pet.). Incident to the latter 
action, he may also conduct a search. See Little v. State, 853 S.W.2d 
179, 184 (Tex. App.—Corpus Christi 1993, no pet.). Thus, the officer in the 
present case, having validly stopped and detained appellant for the offense of 
driving with an expired registration, was authorized to investigate whether he 
had a valid driver's license or proof of insurance. See Tex. Transp. Code Ann. §§ 521.025, 
601.053 (Vernon 1999); Davis v. State, 947 S.W.2d 240, 245 n.6 (Tex. 
Crim. App. 1997). Additionally, the officer was authorized to investigate 
appellant's alcohol smell, the ice chest on the front passenger seat, and 
appellant’s bloodshot eyes by conducting field-sobriety tests to determine if 
appellant had driven while intoxicated.
        In 
the absence of probable cause, law enforcement officers may stop and briefly 
detain persons suspected of criminal activity on less information than is 
constitutionally required for probable cause to arrest. Terry v. Ohio, 
392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968). The standard of reasonable 
suspicion, a lower standard derived from probable cause, applies to those brief 
detentions which fall short of full scale searches and seizures. Woods v. 
State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). "Reasonable 
suspicion" exists if the officer has specific articulable facts that, when 
combined with rational inferences from those facts, would lead him to reasonably 
suspect that a particular person has engaged or is (or soon will be) engaging in 
criminal activity. This standard is an objective one: there need only be an 
objective basis for the stop; the subjective intent of the officer conducting 
the stop is irrelevant. The reasonable suspicion determination is made by 
considering the totality of the circumstances. McQuarters v. State, 58 
S.W.3d 250, 255 (Tex. App.—Fort Worth 2001, pet. ref’d) (citing Garcia v. 
State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001)). To initiate an 
investigative stop, the officer must possess a reasonable suspicion based on 
specific articulable facts that, in light of the officer’s experience and 
general knowledge, would lead the officer to the reasonable conclusion that 
criminal activity is underway and that the detained person is connected to the 
activity. Terry, 392 U.S. at 30, 88 S. Ct. at 1884; Woods, 956 
S.W.2d at 38; King v. State, 35 S.W.3d 740, 743 (Tex. App.—Houston [1st 
Dist.] 2000, no pet.). These facts must amount to more than a mere hunch or 
suspicion. Davis, 947 S.W.2d at 244.
        During 
an investigative traffic stop, an officer is entitled to request information 
concerning the driver's license, ownership of the vehicle, the driver's 
insurance information, the driver's destination, and the purpose of the trip. Mohmed 
v. State, 977 S.W.2d 624, 628 (Tex. App.—Fort Worth 1998, pet. ref'd). As 
we noted, an expired vehicle registration and lack of insurance both constitute 
traffic violations and alone provide probable cause to arrest appellant. See Tex. Transp. Code Ann. §§ 502.407, 
543.001, 601.051 (Vernon 1999 & Supp. 2004). Additionally, these violations 
provide the officer with a basis for reasonable suspicion on which to detain the 
violator for further investigation. See Renteria v. State, 989 
S.W.2d 114, 118 (Tex. App.—San Antonio 1999, pet. ref’d); Kelly v. State, 
721 S.W.2d 586, 587 (Tex. App.—Houston [1st Dist.] 1986, no pet.) 
The officer who hears or becomes aware of other evidence from or about the 
suspect that raises a reasonable suspicion that the driver is intoxicated has 
probable cause to conduct an investigation of possible driving while 
intoxicated. See McQuarters, 58 S.W.3d at 256; Davis, 947 S.W.2d 
at 245; McClain v. State, 984 S.W.2d 700, 704 (Tex. App.—Texarkana 
1998, pet. ref’d).
        Although 
a violation of a traffic law is sufficient authority for an officer to stop a 
vehicle, it does not constitute "custody" for Miranda purposes. 
See Berkemer v. McCarty, 468 U.S. 420, 421, 104 S. Ct. 3138, 3141 (1984); 
Armitage, 637 S.W.2d at 939; see also Valencia v. State, 820 
S.W.2d 397, 400 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) 
(holding that after a valid traffic stop officer may conduct a brief 
investigative detention of vehicle occupants based upon observations of 
suspicious activity before and after the stop and knowledge of frequency of 
crime in the area, and the reasonable inferences drawn from the occupant's 
behavior). A routine traffic stop is a temporary investigative detention. See 
Berkemer, 468 U.S. at 439-40, 104 S. Ct. at 3150.
        To 
justify a warrantless arrest, the State has the burden to prove probable cause 
existed when the officer made the arrest. Roberts v. State, 545 S.W.2d 
157, 158 (Tex. Crim. App. 1977). In order to make a full custodial arrest, an 
officer must have probable cause to believe the person he is arresting has 
committed or is committing an offense. See Beck v. Ohio, 379 U.S. 89, 91, 
85 S. Ct. 223, 225 (1964); Amores v. State, 816 S.W.2d 407, 411 (Tex. 
Crim. App. 1991); Josey v. State, 981 S.W.2d 831, 839 (Tex. 
App.—Houston [14th Dist.] 1998, pet. ref’d). Probable cause to 
arrest exists when the arresting officer has knowledge of facts and 
circumstances which are reasonably trustworthy, and are sufficient in and of 
themselves to warrant a person of reasonable caution to believe that an offense 
has been or is being committed. See Amores, 816 S.W.2d at 411. Probable 
cause requires more than mere suspicion but far less evidence than is needed to 
support a conviction or to support a finding by a preponderance of the evidence. 
See Woodward v. State, 668 S.W.2d 337, 345 (Tex. Crim. App. 1982) 
(op. on reh'g).
        In 
the case at bar, the officer pulled appellant over because his computer search 
of appellant’s license revealed that the registration had expired in April 
2002. After appellant pulled over, the officer asked him for his license and 
proof of insurance. Appellant admitted that he did not have insurance. The 
officer detained appellant because of his lack of insurance, which alone 
constitutes a traffic violation, not the alleged expired registration. See 
Transp. Code Ann. § 601.051; 
see also Kennedy v. State, 847 S.W.2d 635, 636 (Tex. App.—Tyler 1993, no 
pet.) (holding that the officer’s observation of a faded, temporary 
registration “dealer’s tag” gave the officers reasonable suspicion to stop 
the car for further investigation, and that the defendant was not stopped 
because the tag was a traffic violation, but because the tag was an indication 
that a violation was occurring).
        After 
the officer ran appellant’s driver’s license, he spoke to appellant and 
noticed that appellant exhibited signs of possible intoxication. Specifically, 
he noted that appellant had bloodshot, watery eyes, that he smelled of alcohol, 
and that an ice chest was sitting in the front passenger seat. When asked, 
appellant admitted to drinking three or four beers. Based upon the officer’s 
observations, and the appellant’s admission, the officer had reasonable 
suspicion to justify the continued detention of appellant in order to determine 
whether he was intoxicated. Moreover, prior to establishing that the DWI offense 
had occurred, the officer already had probable cause to arrest appellant for 
driving without insurance. See Transp. 
Code Ann. § 601.051.
        After 
appellant failed all three sobriety tests, the officer acted appropriately when 
he arrested appellant for DWI because appellant’s failure to pass the tests, 
combined with the officer’s observations and appellant’s admission, 
constituted probable cause to justify the warrantless arrest. We hold that the 
trial court did not abuse its discretion by denying appellant’s motion to 
suppress the evidence obtained as a result of the stop because the officer had 
reasonable suspicion to effectuate the stop and continue his investigative 
detention. Moreover, the officer’s investigation provided probable cause to 
justify appellant’s arrest for DWI. We overrule appellant’s first point.
        In 
appellant’s second point, he complains that the trial court erred by denying 
his motion to suppress and by ruling that he was not entitled to the assistance 
of counsel at the time of his arrest. However, the body of appellant’s 
argument does not address the assistance of counsel issue, nor does he point to 
any authority in support of the proposition that a defendant is entitled to an 
attorney at the time of his arrest. Under this point, appellant does, however, 
discuss the issues of custodial interrogation and the necessity of Miranda 
warnings. Therefore, because appellant cites no authority, and only mentions the 
assistance of counsel issue in his headings, we will not address the assistance 
of counsel issue. Rather, we will confine our discussion to appellant’s 
specific arguments regarding custodial interrogation and Miranda warnings 
under his second point. See Tex. 
R. App. P. 38.1(h), 47.1; Salazar v. State, 38 S.W.3d 141, 147 
(Tex. Crim. App. 2001).
        Specifically, 
appellant complains that his statement to the officer, that he drank “three or 
four beers,” was an inadmissible statement because it was not made voluntarily 
due to the fact that he made it during a custodial interrogation and before the 
officer gave appellant his Miranda warnings and the warnings required 
under article 38.22 of the code of criminal procedure. See Tex. Code Crim. Proc. Ann. art. 38.22 
(Vernon Supp. 2004); Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 
(1966). Appellant contends that the court erred in overruling his objection to 
the statement and in admitting the statement into evidence.
        The 
State argues that appellant was not in custody when he made the statement, but 
rather that appellant made the statement during investigatory questioning 
pursuant to a routine traffic stop. Nothing in Miranda or article 38.22 
precludes the admission of a statement made by an accused that does not stem 
from custodial interrogation. Therefore, if the appellant was not subject to 
custodial interrogation when he made the statement, the statement was 
admissible.
        In 
deciding whether a person is in custody, the ultimate inquiry is whether there 
was a formal arrest or restraint of freedom of movement of the degree associated 
with a formal arrest. California v. Beheler, 463 U.S. 1121, 1125, 103 S. 
Ct. 3517, 3520 (1983). Four general situations that may constitute custody arise 
when: (1) the suspect is physically deprived of freedom in a significant way; 
(2) an officer tells a suspect he cannot leave; (3) an officer creates a 
situation that would lead a reasonable person to believe there was a significant 
restraint upon his freedom; or (4) there was probable cause to arrest. Silva 
v. State, 936 S.W.2d 721, 726 (Tex. App.—El Paso 1996, no pet.). To 
determine whether a person is in custody, we consider the following criteria: 
(1) whether probable cause existed to arrest; (2) whether the defendant was the 
focus of the investigation; (3) the subjective intent of the police; and (4) the 
subjective intent of the defendant. State v. Stevenson, 958 S.W.2d 824, 
826 (Tex. Crim. App. 1997); Wicker v. State, 740 S.W.2d 779, 786 (Tex. 
Crim. App. 1987), cert. denied, 485 U.S. 938 (1988). These factors are 
relevant, however, only to the extent that they are manifested to the defendant 
by the police officer's words or actions. Stevenson, 958 S.W.2d at 829. 
The custody determination is based entirely upon objective circumstances. Id.
        Appellant 
contends that the investigative detention for the traffic offense escalated into 
a custodial interrogation when the officer began asking him questions for the 
specific purpose of obtaining information concerning appellant’s state of 
intoxication. However, the fact that the appellant became the focus of a DWI 
investigation does not automatically convert an investigatory detention into an 
arrest and custodial interrogation. See Berkemer, 468 U.S. at 439, 104 S. 
Ct. at 3150; Stevenson, 958 S.W.2d at 829.
        In 
both Berkemer and Stevenson, the court found custody did not occur 
until after the defendant failed the field sobriety test. In Berkemer, 
the officer stopped the driver of a car because he was weaving between lanes. 
The driver appeared to be intoxicated, so the officer gave him a field sobriety 
test. During the test, the officer asked the appellant if he had been drinking. 
The appellant answered yes, that he had had two beers and some marijuana. Berkemer, 
468 U.S. at 423-24, 104 S. Ct. at 3141-42. The court found that the statement 
was admissible because it was made before the officer had decided to arrest the 
defendant. Id. at 442, 104 S. Ct. at 3151-52. Likewise, in Stevenson, 
the court found that a question concerning whether the appellant had been 
drinking was admissible as a statement made during the continuing DWI 
investigation, but before appellant had been placed under arrest. Stevenson, 
958 S.W.2d at 829; see also Harrison v. State, 788 S.W.2d 392, 395 (Tex. 
App.—Houston [1st Dist.] 1990, no pet.); Galloway v. State, 
778 S.W.2d 110, 112 (Tex. App.—Houston [14th Dist.] 1989, no pet.) 
(both holding that admissions of consumption of alcoholic beverages made during 
investigatory stops are admissible).
        Clearly, 
the appellant became the focus of the investigation when the officer asked him 
whether he had been drinking. While questions concerning alcoholic consumption 
and the giving of field sobriety test are indicia that the appellant is under 
suspicion, they have been found not to be so intrusive as to escalate an 
investigatory stop into a custodial interrogation. See Berkemer, 468 U.S. 
at 439, 104 S. Ct. at 3150; Stevenson, 958 S.W.2d at 828; Harrison, 
788 S.W.2d at 394; Galloway, 778 S.W.2d at 112.
        Thus, 
we hold that appellant was not in custody when he made the admission to drinking 
or took the sobriety tests. Therefore, his statements and the evidence gathered 
at the stop were admissible and not a violation of appellant’s Fourth 
Amendment rights. Appellant’s second point is overruled.
        Having 
overruled both of appellant’s points, we affirm the trial court’s judgment.
 
                                                          TERRIE 
LIVINGSTON
                                                          JUSTICE
 
PANEL B:   LIVINGSTON, 
DAUPHINOT, and HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: December 11, 2003