**James Leslie HIGGINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44366.**

Court of Criminal Appeals of Texas.

Dec. 7, 1971.

Donald G. Horton, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense, driving an automobile on a public highway while intoxicated. Trial was had before the court and the punishment assessed at three (3) days in jail and a fine of $125.00.

The evidence reflects that on June 21, 1968, at approximately 8:00 P.M., Officer Wilson of the Dallas Police Department was dispatched to investigate an accident in the 1700 block of North Henderson Street, a public thoroughfare in Dallas. Upon arriving, Wilson questioned persons at the scene. In response to Wilson's questions, the appellant identified himself as the driver of one of the cars involved and showed the officer his operator's license. Appellant was arrested and charged with driving a motor vehicle while intoxicated.

Appellant's sole ground of error is that the statements made by appellant, in which he identified himself as the driver of one of the cars, should have been excluded from evidence because they were made in response to the officer's questions while appellant was under restraint and without warnings having first been given.

Appellant relies on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). It is to be noted that in addition to setting forth the required warnings, the Supreme Court in *Miranda* also stated:

"Our decision is not intended to hamper the traditional function of police officers in investigating crime. * * * General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding. * * * In such situations the compelling atmosphere inherent in the process of in-custody interrogation is not necessarily present." 384 U.S. at 477–478, 86 S.Ct. at 1629.

The Court further stated:

"In announcing these principles, we are not unmindful of the burdens which law enforcement officials must bear, often under trying circumstances. We also fully recognize the obligation of all citizens to aid in enforcing the criminal laws. This Court, while protecting individual rights, has always given ample latitude to law enforcement agencies in the legitimate exercise of their duties. The limits we have placed on the interrogation process should not constitute an undue interference with a proper system of law enforcement. As we have noted, our decision does not in any way preclude police from carrying out their traditional investigatory functions." 384 U.S. at 481, 86 S.Ct. at 1631.

The questioning of appellant on a Dallas street by Officer Wilson, under the circumstances, cannot, without more, be characterized as a "police dominated" situation

or as "incommunicado" in nature. Lowe v. United States, 407 F.2d 1391 (9th Cir. 1969). Further, Article 38.22, Sec. 1(f), Vernon's Ann.C.C.P., provides:

"Nothing contained herein shall preclude the admissibility * * * of any statement that is the res gestae of the arrest or of the offense."

*Miranda* does not preclude the introduction of res gestae statements. Parsley v. State, 453 S.W.2d 475 (Tex.Cr.App.1970).

Appellant's sole ground of error is overruled.

The judgment is affirmed.

ONION, P. J., concurs in result.