**Otis Cleveland GALLOWAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–88–857–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 24, 1989.

Robert K. Loper, Houston, for appellant.

Cheryl Boyd, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

OPINION

MURPHY, Justice.

Otis Cleveland Galloway appeals his misdemeanor conviction for driving while intoxicated ["DWI"]. Tᴇx.Rᴇᴠ.Cɪᴠ.Sᴛᴀᴛ.Aɴɴ. art. 6701*l*–1 (Vernon Supp.1989). Appellant pled not guilty to the jury, which found him guilty as charged. The court assessed punishment at fifteen days confinement in the Harris County jail and a $500 fine. Appellant raises two points of error challenging the use of two oral statements he made to the police officer who stopped him on suspicion of DWI. He maintains the officer obtained the statements through custodial interrogation in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).[1] We affirm.

Houston Police Officer I.N. Devitt was driving his patrol car during the late evening of March 16, 1988, when he observed appellant driving erratically on Westpark in Houston. Devitt testified that he clocked appellant's speed at sixty-five m.p.h. in a thirty-five m.p.h. zone and that appellant turned off Westpark at a very high rate of speed after weaving in and out of traffic lanes several times without using turn signals. Devitt also stated that appellant did not pull over until several blocks after Devitt had activated the police vehicle's siren and flashers. On approaching appellant, Devitt noticed that his eyes were glassy and bloodshot, that his speech was slurred and that his breath smelled strongly of alcohol.

Based on appellant's actions and appearance, Devitt asked him whether he had been drinking. Appellant then made the statement he challenges in his first point of error: "[Y]es, I've been drinking a lot." After appellant failed to perform field sobriety tests successfully, Devitt escorted him to the patrol car and advised him he was under arrest. Appellant then made the statement which he challenges in his second point of error: "[L]ook, give me a break. I realize I've made a mistake....

---

1. *Berkemer v. McCarthy,* 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984) extended *Miranda* to misdemeanor cases.

I've had problems with my girlfriend. I just went out to get—faced." Unless *Miranda* or Tex.Code Crim.Proc.Ann. art. 38.-22 (Vernon 1979 & Supp.1989) otherwise barred their use, both admissions were admissible as substantive evidence of appellant's guilt. *See* Tex.R.Crim.Evid. 801(e)(2)(A).

Article 38.22, the Texas Confession Statute, generally precludes use of statements which result from custodial interrogation absent compliance with procedural safeguards consistent with *Miranda.* Tex. Code Crim.Proc.Ann. art. 38.22 § 2; *e.g., Shiflet v. State,* 732 S.W.2d 622 (Tex.Crim. App.1985). But Article 38.22 § 5 specifically exempts statements which do not "stem from custodial interrogation," statements which are "res gestae of the arrest or the offense" and all voluntary statements, whether or not they result from custodial interrogation.

■ "Custodial interrogation" is questioning initiated by police after a person has been "taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda,* 384 U.S. at 444, 86 S.Ct. at 1612. In addition to actual questioning, "interrogation" can encompass police speech or conduct which "the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297 (1980). Questioning which occurs as a normal incident of arrest and custody is not interrogation. *Id.; see McCambridge v. State,* 712 S.W.2d 499, 505 (Tex.Crim.App.1986).

■ On reviewing the record, we conclude that use of the statement in which appellant admitted "drinking a lot" did not violate *Miranda* or Article 38.22 because it did not result from custodial interrogation. Appellant was not under arrest and Officer Devitt's conduct did not exceed that associated with a routine traffic stop to investigate speeding, failure to signal before changing lanes and weaving in and out of traffic. A person is not "in custody" under *Miranda* during a routine traffic stop for suspicion of DWI because the circumstances do not place the driver completely at the mercy of police. *Berkemer,* 468 U.S. at 440, 441, 438, 104 S.Ct. at 3150, 3151, 3149 (1984); *accord, Loar v. State,* 627 S.W.2d 399, 400 (Tex.Crim.App. [Panel Op.] 1981) (police officer stopped driver going wrong way down one-way street, observed driver's "lack of control" when asked to produce license and asked driver whether he had been drinking; use of driver's pre-arrest statement admitting drinking "one glass of wine" did not violate *Miranda* and Article 38.22); *Higgins v. State,* 473 S.W.2d 493, 494 (Tex.Crim.App.1971) (officer's pre-arrest questioning of driver suspected of DWI did not violate *Miranda* and was admissible under Article 38.22 § 5). Appellant's case involves a routine traffic stop, similar to those in *Berkemer, Loar* and *Higgins* and there is nothing in the record to suggest that any police officer would view Officer Devitt's conduct as "interrogation" under *Innis.* Since nothing barred use of the admission, it was substantive evidence under Tex.R.Crim.Evid. 801(e)(2)(A). We overrule the first point of error.

■ The second incriminating statement occurred after Officer Devitt observed appellant's difficulty with the field sobriety tests and told him he was under arrest. Appellant immediately asked for "a break" and admitted making "a mistake" and going out "to get—faced" because of problems with his girlfriend. Appellant maintains the statement was the result of custodial interrogation simply because of the cumulative effect of Officer Devitt's asking whether he had been drinking and conducting the sobriety tests.

Appellant was clearly "in custody" when he made the second incriminating statement: he was in the patrol car and Officer Devitt had just told him he was under arrest. *Berkemer,* 468 U.S. at 434, 104 S.Ct. at 3147; *Shiflet v. State,* 732 S.W.2d at 629; Tex.Code Crim.Proc.Ann. art. 15.22 (Vernon 1977). But we do not agree that the statement was the product of "interrogation" by Officer Devitt. The record reflects only that Officer Devitt made the investigative inquiries normally incident to

a stop for suspicion of DWI. Nothing in the record indicates that Devitt obtained the statement by the type of coercive, focused inquiry which would have amounted to interrogation and implicated the protections of *Miranda* and Article 38.22. *Innis,* 446 U.S. at 301–02, 100 S.Ct. at 1689–90; *Higgins v. State,* 473 S.W.2d at 494.

Accordingly, we conclude that although appellant made the second statement while in custody, the statement did not result from custodial interrogation for purposes of *Miranda* and Article 38.22. As in *Stevens v. State,* 671 S.W.2d 517, 520 (Tex. Crim.App.1984), the record reflects an incriminating statement which qualified as either a voluntary or a "res gestae" statement under Article 38.22 § 5 because appellant made the statement immediately and spontaneously, in response to the news of his arrest. Since Article 38.22 did not bar use of the statement, it was admissible substantive evidence pursuant to Tex.R. Crim.Evid. 801(e)(2)(A). We overrule the second point of error.

We affirm the judgment of the trial court.