Opinion Issued July 21, 2005








     




In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00447-CR




TIMOTHY ALTON BARKER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Court at Law No. 1
Galveston County, Texas
Trial Court Cause No. 222544




MEMORANDUM OPINION
          A jury convicted appellant, Timothy Alton Barker, of driving while intoxicated
and assessed his punishment at 180 days in the Harris County Jail, suspended for one
year of community supervision, and a $500 fine. See Tex. Pen. Code Ann. § 49.04
(Vernon 2003). We determine whether the trial court erred in overruling appellant’s
motion to suppress and in admitting into evidence appellant’s unrecorded oral
statement made to police. We affirm. Background
          On November 16, 2002, Deputy Linda Kindel of the Galveston County
Sheriff’s Department was stopped at a red light when a vehicle driven by appellant
approached her from behind and nearly struck her patrol car. Appellant swerved to
miss Deputy Kindel’s vehicle and careened off the highway and into a bank parking
lot, where he struck an air conditioning unit. 
          After appellant’s vehicle stopped, Deputy Kindel approached appellant and
asked if he or his passenger needed medical treatment. Appellant told her that he was
not hurt, but that he was unsure about his passenger, who was unconscious. Deputy
Kindel noticed a strong odor of alcohol on appellant’s breath. 
          Deputy Kindel asked appellant what had caused the accident. Appellant
responded that he had had a tire blow-out. Deputy Kindel noticed, however, that
none of the tires on appellant’s vehicle was flat. She then asked appellant if he had
consumed any alcohol. Appellant said that he had not. Deputy Kindel called for a
backup officer, who arrived and took over the accident scene. 
          Deputy Kindel read appellant his rights and administered three sobriety tests
to him, including a horizontal-gaze-nystagmus test, a heel-to-toe test, and a finger-
counting test. Appellant failed to perform any of the three tests satisfactorily. Deputy
Kindel then took appellant into custody. Appellant refused to take a breath test. 
          Deputy Kindel transported appellant to jail, where she booked him into the
system by asking appellant for his name and vital statistics. During this process,
appellant began talking to Deputy Kindel. Appellant told Deputy Kindel that he had
been drinking that evening. Deputy Kindel then asked appellant how many beers he
had consumed, and appellant answered “seven or eight.” Appellant also stated that
he had not had a blowout on his vehicle, but that he was merely not paying attention
to the road and that he was sorry that he had almost hit Deputy Kindel’s patrol car. 

Motion to Suppress
          In two points of error, appellant contends that the trial court erred in overruling
his motion to suppress and in admitting into evidence his unrecorded oral statement
made to Deputy Kindel because it violated article 38.22 of the Texas Code of
Criminal Procedure. See Tex. Code Crim. Proc. art. 38.22 (Vernon 1997).
Specifically, appellant contends that, because his statement was made as a result of
custodial interrogation after he had been read his rights, his statement should have
been electronically recorded. 
          A trial court’s ruling on a motion to suppress evidence will not be set aside
unless there is an abuse of discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex.
Crim. App. 1996); Taylor v. State, 945 S.W.2d 295, 297 (Tex. App.—Houston [1st
Dist.] 1997, pet. ref’d). We will afford almost total deference to a trial court’s
determination of historical facts supported by the record, especially when the findings
are based on the evaluation of credibility and demeanor. Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997); Spight v. State, 76 S.W.3d 761, 765 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). 
          The standard of review for the admissibility of evidence is abuse of discretion. 
Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). An abuse of
discretion occurs when a trial court’s decision lies outside the zone of reasonable
disagreement. Id. In determining whether a trial court has abused its discretion, we
consider whether the court acted arbitrarily or unreasonably and without reference to
guiding rules or principles. Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim. App.
1993). 
          Article 38.22 generally precludes the use of statements that result from
custodial interrogation, absent compliance with its procedural safeguards. Tex. Code
Crim. Proc. Ann. art. 38.22, § 2 (Vernon 1997); Shiflet v. State, 732 S.W.2d 622,
623 (Tex. Crim. App. 1985); Galloway v. State, 778 S.W.2d 110, 112 (Tex.
App.—Houston [14th Dist.] 1989, no pet.). Article 38.22, section 3(a)(1) prohibits
the admission of oral statements unless an electronic recording is made of the
statement. Id. § 3(a)(1) (Vernon 1997). However, article 38.22, section 5 specifically
exempts statements that do not “stem from custodial interrogation,” statements that
are “res gestae of the arrest or of the offense,” and all voluntary statements, whether
or not they result from custodial interrogation. Id. § 5 (Vernon 1997); Shiflet, 732
S.W.2d at 623; Galloway, 778 S.W.2d at 112. Thus, if appellant’s statements do not
stem from custodial interrogation, neither Miranda


 nor article 38.22 requires their
suppression. Galloway, 778 S.W.2d at 112; Morris v. State, 897 S.W.2d 528, 531
(Tex. App.—El Paso 1995, no pet.).
          “Interrogation” under Miranda refers not only to express questioning, but also
to any words or actions on the part of the police that the police should know are
reasonably likely to elicit an incriminating response from the individual under
suspicion. Rhode Island v. Innis, 446 U.S. 291, 299-302, 100 S. Ct. 1682, 1689-90
(1980); Morris, 897 S.W.2d at 531. The latter portion of this definition focuses
primarily upon the perceptions of the suspect, rather than the intent of the police. 
Rhode Island, 446 U.S. at 300-02, 100 S. Ct. at 1689-90; Morris, 897 S.W.2d at 531. 
Not all post-arrest police questioning can be classified as interrogation. See Jones v.
State, 795 S.W.2d 171, 174 n.3 (Tex. Crim. App. 1990); Morris, 897 S.W.2d at 531. 
When an accused in custody spontaneously volunteers information that is not in
response to earlier interrogation by authorities, the statement is admissible even
though not recorded because it is not the product of custodial interrogation. Stevens
v. State, 671 S.W.2d 517, 520 (Tex. Crim. App. 1984); Chambliss v. State, 647
S.W.2d 257, 262 (Tex. Crim. App. 1983); Sanchez v. State, 589 S.W.2d 422, 423
(Tex. Crim. App. 1979).
          In this case, it is undisputed that appellant was in custody and that his statement
that he had consumed seven or eight beers was not electronically recorded. While at
the police station being booked into custody, appellant began a conversation with
Deputy Kindel. During the conversation, appellant spontaneously told Deputy Kindel
that he had been drinking that evening and that he was sorry for almost hitting her
patrol car with his vehicle. Deputy Kindel gave the following testimony when
questioned by the State about the events after appellant’s arrest: 
          A.      When I was booking him in, he started casual conversation. And he
stated that he had been drinking. I asked him then how many beers did
he have? And he stated—
 
                    Defense Counsel:  Your Honor, I object to any response to and answer 
                    from any question. That clearly is custodial interrogation. 
 
                    The Court:   Overruled. You may answer.
          Q.      What statement did he make to you at that time?
          A.      He admitted having several beers. When I asked him how many, he
states seven or eight. 
 
          Despite the State’s assertion, appellant’s statement that he had consumed seven
or eight beers was made in response to custodial interrogation. We acknowledge that
questioning that is normally attendant to arrest and custody does not constitute
interrogation. See Jones, 795 S.W.2d at 174. However, the deputy’s question to
appellant regarding how many beers he had consumed was not a routine question
incident to booking. To the contrary, Deputy Kindel’s question was calculated to
elicit an incriminating response from appellant. Because appellant was under arrest
and his oral statement regarding the amount of alcohol that he had consumed was
made in response to a question, a recording was required for the statement to be
admissible. Wortham v. State, 704 S.W.2d 586, 589 (Tex. App.—Austin 1986, no
pet.).
          Error in the admission of evidence is generally non-constitutional error. See
King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Rule 44.2(b) of the
Texas Rules of Appellate Procedure provides that a non-constitutional error not
affecting substantial rights must be disregarded. Tex. R. App. P. 44.2(b). A
substantial right is affected when the error had a substantial injurious effect or
influence in determining the jury’s verdict. King, 953 S.W.2d at 271. In determining
whether an erroneous admission of evidence had a substantial and injurious effect or
influence in determining the jury’s verdict, we consider everything in the record,
including any testimony or physical evidence admitted for the jury’s consideration,
the nature of the evidence supporting the verdict, the character of the alleged error
and how it might be considered in connection with other evidence in the case, the jury
instructions, the State’s theory and any defensive theories, closing arguments, voir
dire, and whether the State emphasized the error. Rich v. State, 160 S.W.3d 575, 577-78 (Tex. Crim. App. 2005).
          Applying the standard to this case, we cannot conclude that the improper
admission of appellant’s oral statement had a substantial and injurious effect or
influence in determining the jury’s verdict. The disputed issue in the trial concerned
whether appellant was intoxicated: the wrongfully admitted oral statement was a
piece of the State’s evidence establishing appellant’s intoxication. Nevertheless, the
State also offered, among other evidence, photographs of the scene of the accident
and a videotape of appellant performing the field-sobriety tests and his subsequent
arrest. The State’s additional evidence demonstrating appellant’s intoxication
included testimony that appellant (1) drove recklessly by almost colliding with
Deputy Kindel’s patrol car, then swerving and striking an air conditioning unit with
his vehicle; (2) smelled of an alcoholic beverage; (3) performed poorly on three
sobriety tests; (4) admitted that he had been drinking alcohol; and (5) lied about
having had a blown-out tire. Additionally, Deputy Kindel testified that she believed
that appellant had lost the normal use of his mental and physical faculties. 
          Although the State did emphasize appellant’s erroneously admitted statement
during closing argument, the statement constituted only a small part of the evidence
summarized in the State’s closing argument. For instance, the State dramatically
reiterated the events leading up to appellant’s arrest and summarized the evidence that
it had presented, including photographs of the damage resulting from the accident,
videotape footage of the accident scene, and Deputy Kindel’s eyewitness account of
the accident and of appellant’s failure of the three administered field-sobriety tests. 
This evidence, excluding the erroneously admitted statement, strongly supports the
jury’s verdict. Additionally, all six of the jurors during voir dire agreed that a person
could have alcohol on his breath without necessarily being intoxicated, and, when
two of the six jurors were asked whether a person could have eight beers and the odor
of alcohol on his breath without being intoxicated, they responded affirmatively. 
          Given the evidence in the record as a whole, we conclude that the improper
admission of appellant’s oral statement did not have a substantial and injurious effect
or influence in determining the jury’s verdict. See Rich, 160 S.W.3d at 577. The oral
statement had little effect, if any, on the jury’s decision to convict appellant, and the
conviction would have been certain without the erroneously admitted evidence. See
Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). Because appellant’s
substantial rights were not affected, we conclude that the error in admitting the
evidence was harmless and must, therefore, be disregarded. See King, 953 S.W.2d
at 271. 
          We overrule appellant’s first and second points of error. 
Conclusion
          We affirm the trial court’s judgment. 
 
 

                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Alcala, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).