BRIDGEWATER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-05-114-CR 

                                                 2-05-115-CR

ANTHONY GLENN BRIDGEWATER APPELLANT

A/K/A ANTHONY G. BRIDGEWATER

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant Anthony Glenn Bridgewater a/k/a Anthony G. Bridgewater was convicted by a jury of unlawful possession of a firearm by a felon and possession of a controlled substance of one gram or more but less than four grams.  The jury assessed punishment at imprisonment for fifteen years’ and fifty years’ respectively.  Bridgewater now raises five points on appeal.  In points one through four, Bridgewater argues that the trial court erred by denying his motion to suppress evidence because his rights under the United States Constitution and Texas statutory law were violated when officers searched his car without a warrant and interrogated him without reading him his 
Miranda 
rights.
(footnote: 2)  In his fifth point, Bridgewater argues that the trial court erred by overruling his 
Batson
 objections during voir dire.
(footnote: 3)  We affirm.

II. Background

On January 29, 2004, Officer Joan Gray of the Fort Worth Police Department was working undercover as a prostitute decoy.  
Officer Daniel Mesa was stationed behind a tree approximately three to five feet from Gray in order to provide her protection.  Gray wore a body microphone so that another officer, James K. Driver, who was situated approximately one-hundred yards away, could monitor her encounters.
(footnote: 4) 

Driver testified that Bridgewater drove past Gray, made a U-turn, and stopped directly in front of her.  Gray stated that she asked him if he was looking for a date.  Bridgewater said “yeah, get in.”  Gray then asked Bridgewater if he had twenty dollars, and he responded by saying “I’ll take care of you.  Get in [the car].”  Gray told Bridgewater that if he wanted to have sexual intercourse, she needed him to use a condom.  Bridgewater nodded, so Gray 
showed him an assortment of condoms in her hand.  She asked him if yellow was okay, and he said “yes.”  She told him that it was going to cost him twenty dollars and asked him to meet her around the corner. 

Once Bridgewater drove around the corner, a police officer who was waiting there arrested him for prostitution.  Gray then identified Bridgewater as the man that she had spoken with previously.  Without reading Bridgewater his 
Miranda 
rights, Mesa asked Bridgewater if he needed anything out of his car, such as medication or money
.  Bridgewater stated that he did not have any medicine in the car but that there was “something” in the car.  Mesa searched Bridgewater’s car and found a pistol and substances that appeared to be cocaine and marijuana. 

Bridgewater sought to have the evidence of the gun and the drugs suppressed at a pre-trial hearing and again at trial.  The trial court denied both requests to suppress the evidence, and thereafter Bridgewater was convicted by a jury of unlawful possession of a firearm by a felon and possession of a controlled substance of one gram or more but less than four grams.  This appeal now follows.

III. Motion to Suppress

Because Bridgewater’s first four points essentially raise the same issue and are combined in Bridgewater’s brief, we too will address his first four  points together.  Bridgewater argues that the trial court erred by failing to exclude the statement he made to the police admitting that “something” was in his car as well as the gun and drugs found in his car because this evidence was obtained as the result of an illegal arrest.  Specifically, Bridgewater argues that the arrest was illegal because the police did not have a warrant and the arrest did not fall within one of the exceptions to the warrant requirement set forth in chapter 14 of the code of criminal procedure.  However, if we hold that the arrest was legal, then in the alternative Bridgewater argues that the evidence at issue was inadmissible because it was obtained as the result of custodial interrogation after the police failed to apprise him of his
 Miranda 
rights.  

A. Standard of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review. 
See Carmouche v. State,
 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We give almost total deference to the trial court’s rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, while we review de novo application-of-law-to-fact questions that do not turn upon credibility and demeanor.  
Johnson v. State,
 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002).  This case presents the latter situation and we will therefore apply the de novo standard of review to the application-of-law-to-fact questions.

When there are no explicit findings of historical fact, the evidence must be viewed in the light most favorable to the trial court’s ruling.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).
  We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling. 
Armendariz v. State,
 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974.  In this case, there are no explicit findings of facts, therefore we will view the evidence in the light most favorable to the trial court’s ruling.  

B. Arrest

Appellant argues that police arrested him without a warrant and without benefit of an exception to the warrant requirement.
  As such, Bridgewater argues that the trial court erred in denying his motion to suppress the gun and drug evidence found in his car because the evidence was the fruit of an illegal arrest.  
The State concedes that Bridgewater was arrested without a warrant, but argues that the warrantless arrest was proper because a statutory warrant exception applied. 

The United States Constitution authorizes an arrest without warrant on probable cause; but, in Texas, the authority to arrest a suspect without a warrant is governed by statute. 
 See Florida v. White
, 526 U.S. 559, 564, 119 S. Ct. 1555, 1559 (1999); 
DeJarnette v. State,
 732 S.W.2d 346, 349 (Tex. Crim. App. 1987)
.  
In Texas, a person may be legally arrested without a warrant only if (1) the arrest falls within one of the statutory provisions authorizing a warrantless arrest, and (2) the arrest meets the applicable probable cause requirement
.  See Anderson v. State,
 932 S.W.2d 502, 506 (Tex. Crim. App. 1996), 
cert. denied
, 521 U.S. 1122 (1997).  Therefore, we must decide whether one of the statutory warrant exceptions applied and whether the arrest met the applicable probable cause standard.  
Id
. 

In this case, the State argues that Bridgewater’s arrest fell within the  statutory exception contained in article 14.01(b) of the code of criminal procedure.  Article 14.01(b) provides that “[a] peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.”  
See
 
Tex. Code Crim. Proc. 
art. 14.01(b) (Vernon 2005).  The test for probable cause for a warrantless arrest under this provision is whether at that moment the facts and circumstances within the officer’s knowledge and of which he had reasonably trustworthy information were sufficient to justify  a prudent man in believing that the arrested person
 
had committed or was committing an offense.  
Beverly v. State,
 792 S.W.2d 103, 104-05 (Tex. Crim App. 1990)
.  

The State argues that the trial court judge did not abuse its discretion in concluding that the police had probable cause to believe that Bridgewater committed the offense of prostitution in view of an officer.  We agree.  The Texas Penal Code provides that a person commits the offense of prostitution if he knowingly offers to engage, agrees to engage, or engages in sexual conduct for a fee.  
Tex. Penal Code Ann
. § 43.02(a)(1) (Vernon 2003).  Given (1) Bridgewater’s response to Gray of “I’ll take care of you.  Get in,
” when Gray told him that her fee for sexual intercourse was twenty dollars, (2) his statement to Gray that a yellow condom would be “okay,” and (3) the fact that Bridgewater drove his vehicle around the corner to the place where Gray directed him to meet her, we conclude, after viewing the evidence in the light most favorable to the ruling
, that probable cause existed for a warrantless arrest for prostitution.  
See Beverly,
 792 S.W.2d at 104-05.  
As such, we hold that the warrantless arrest was authorized under article 14.01(b) of the Texas Code of Criminal Procedure and was reasonable under the fourth amendment of the United States Constitution.  
See
 
U.S. Const. 
amend. IV; 
Maryland v. Pringle
, 540 U.S. 366, 370, 124 S. Ct. 795, 799 (2003) (holding a warrantless arrest of an individual in a public place for a felony, or a misdemeanor committed in the officer’s presence, is consistent with the Fourth Amendment if the arrest is supported by probable cause); 
Tex. Crim. Proc. Code Ann 
art
. 14.01(
b
)
.
(footnote: 5) 

C. Custodial Interrogation

Bridgewater next argues that the statement obtained after his arrest was inadmissible because Davis questioned him without first advising him of his 
Miranda
 rights.  Further, he contends that the trial court erred by denying his motion to suppress the gun and drug evidence because they were discovered as a result of the unwarned statement.
  
He argues that the gun and drugs should be excluded as fruits of illegal activity in accordance with article 38.23 of the Texas Code of Criminal Procedure.  We disagree. 

In 
Miranda
 
v. Arizona
, The United States Supreme Court held that a person questioned by law enforcement officers after being “taken into custody or otherwise deprived of his freedom of action in any significant way” must first “be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.”  384 U.S. at 444, 86 S. Ct. at 1612.  Statements elicited in noncompliance with this rule may not be admitted for certain purposes in a criminal trial.  
Compare
 
Miranda, 
384 U.S. at 492, 494, 86 S. Ct. at 1638, 
with
 
Harris v. New York
, 401 U.S. 222, 226, 91 S. Ct. 643, 646 (1971).  In order for the 
Miranda
 safeguards to apply, there must be two showings: (1) the suspect must have been “in custody,” and (2) the police must have “interrogated” the suspect either by express questioning or its functional equivalent.  
Morris v. State
,
 
897 S.W.2d 528, 531 (Tex. App.—El Paso 1995, no pet.)
 (citing 
Jones v. State,
 795 S.W.2d 171, 174 (Tex. Crim. App. 1990)). 

Article 38.22 of the Texas Code of Criminal Procedure generally precludes the use of statements that result from custodial interrogation absent compliance with its procedural safeguards.  
Tex. Code Crim. Proc. Ann
. art. 38.22 § 2 (Vernon 2005);
 Galloway v. State
, 778 S.W.2d 110, 112 (Tex. App.—Houston [14th Dist.] 1989, no pet.); 
see Shiflet v. State
, 732 S.W.2d 622, 623 (Tex. Crim. App. 1985).  However, article 38.22, section five specifically exempts statements which do not “stem from custodial interrogation.”  
Tex. Code Crim. Proc. Ann
. art. 38.22 § 5;
 Shiflet
, 732 S.W.2d at 623; 
Galloway
, 778 S.W.2d at 112.  Thus, if Bridgewater’s statement did not stem from custodial interrogation, neither 
Miranda
 nor article 38.22 requires its suppression.  
See Galloway
, 778 S.W.2d at 112.

The State contends that Mesa’s question to Bridgewater did not constitute interrogation.
(footnote: 6)  Instead, the State characterizes  Mesa’s question as a general, routine question that officers normally ask defendants when they are separated from their vehicles.

Interrogation encompasses any word or action on the part of the officers that they should know is reasonably likely to elicit an incriminating response from the suspect.  
Shepherd v. State, 
915 S.W.2d 177, 179 (Tex. App.–Fort Worth 1996, pet ref’d).  
Questioning normally attendant to arrest and custody is not interrogation.
  Morris
, 897 S.W.2d at 531.

Before Bridgewater was taken to jail, Mesa asked him if there was anything that he needed out of his car such as medicine, a billfold, or money.  Bridgewater answered Officer Mesa’s question in the negative and then volunteered that “something was in the car.”
(footnote: 7) 
 Mesa’s question was not open-ended and in fact was qualified by listing the specific examples of medicine, billfold, or money.  Further, this question was asked in a series of questions regarding identification, age, and other biographical information.  

Such questions are necessary in arrest situations to enable authorities to provide for and be aware of any special physical needs a suspect might have; therefore, we hold that the question at issue in this case was the type that normally attends an arrest or custody and is not of a constitutionally-suspect interrogative nature.  
See Branch v. State,
 932 S.W.2d 577, 581 (Tex. App.—Tyler 1995 no pet.) (holding question that in part related to physical needs of appellant is generally not of a constitutionally-suspect interrogative nature). 

Because we hold that there was probable cause to arrest Bridgewater, that his warrantless arrest fell under a statutory exception, and that Bridgewater’s statement to Mesa was not a product of custodial interrogation, we hold that the trial court properly denied his motion to suppress the evidence and overrule Bridgewater’s first four points. 

IV. 
Batson 
Challenges

In his fifth point, Bridegwater argues that the trial court erred in overruling his 
objections to the State’s peremptory challenges to two veniremembers, Cynthia Muhammad and Charles Boxley.  He argues that the State excused Muhammad and Boxley for racially-motivated reasons, thus violating 
Batson v. Kentucky
.  
See Batson
, 476 U.S. 79, 106 S. Ct. 1712.

In a 
Batson 
challenge, the opponent to the peremptory challenge must make out a prima facie case of racial discrimination.  
Purkett v. Elam
, 514 U.S. 765, 767, 155 S. Ct. 1769, 1770 (1995).  The burden of production then shifts to the proponent of the strike to come forward with a race-neutral explanation.  
Id.
 at 767, 1771.  Unless a discriminatory intent is inherent in the prosecutor’s explanation, the reason offered will be deemed race-neutral.  
Id.
  If a race-neutral explanation is tendered, the trial court must decide whether the opponent of the strike has proved purposeful discrimination. 
 Id.
  

We review the record of the 
Batson
 hearing and the voir dire examination in the light most favorable to the trial court’s ruling.  
Morris v. State
,
 
940 S.W.2d 610, 612 (Tex. Crim. App. 1996).  
We will not disturb a trial court’s ruling on a 
Batson
 issue unless it is clearly erroneous.  
Id.

Bridgewater objected to the State’s peremptory challenges on the basis that he was African-American, as were both Muhammad and Boxley.  However, because the State offered race-neutral reasons for the strikes, the prima facie case inquiry is moot.  
Johnson v. State
, 68 S.W.3d 644, 649 (Tex. Crim. App. 2002).  The State explained that the reason that it struck Muhammad was because he only listed rehabilitation as a potential for punishment, and that it struck Boxley because he had previously received deferred adjudication for an unlawfully concealed weapon violation.  At this time, the burden then shifted to Bridgewater to show purposeful discrimination, but he made no effort to contest any of the race-neutral reasons proffered by the State.  A party’s failure to offer any real rebuttal to a proffered race-neutral explanation can be fatal to his claim.  
Id.
  Because Bridgewater did not carry his burden of proof, we overrule his fifth point on appeal.

V. Conclusion

Having overruled all five of Bridgewater’s points on appeal, we affirm the trial court’s judgment. 

PER CURIAM

PANEL F: MCCOY, DAUPHINOT, and HOLMAN, JJ.

DAUPHINOT, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 22, 2006

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.

2:
Miranda v. Arizona
, 384 U.S. 436, 86 S. Ct. 1602 (1966).

3:
Batson v. Kentucky
, 476 U.S. 79, 106 S. Ct. 1712 (1986).

4:
The conversation was not recorded.

5:
In order to support his argument that he did not commit the offense of prostitution in view of an officer, in his brief Bridgewater appears to argues that the evidence is legally insufficient to support his conviction.  
However, he does not raise legal insufficiency as one of his points on appeal.  Therefore, we will not address this issue.

6:
The State does not assert that Bridgewater was not in custody at the time that he was questioned by Mesa, only that Mesa’s question did not constitute “interrogation.”  

7:
At trial, Officer Mesa testified that after Bridgewater was arrested, he asked Bridgewater if he needed anything from his car before Mesa inventoried the car, and that in response, Bridgewater told him that he [Bridgewater] had a “gun” in his car. However, at the pretrial motion-to- suppress hearing, Mesa testified that Bridgewater told him that he had “something” in his car.