Affirmed and Memorandum Opinion filed August 21, 2007








Affirmed and Memorandum Opinion filed August 21, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00128-CR

____________

 

GLEN PORTER BROCK, III, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 1267259

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Glen Porter Brock, III, pleaded guilty to the
offense of driving while intoxicated and was sentenced to 180 days confinement,
probated for one year, and a $100 fine.  In two issues, appellant challenges
the trial court=s denial of his motion to suppress oral
statements. We affirm.  








Factual and Procedural Background

At approximately 1:50 a.m. on October 31, 2004, HPD Officer
Charles Allen observed appellant driving a motor vehicle with two flat tires on
South Shepherd Street in Houston.  Appellant drove through a major intersection
and pulled into a gas station parking lot.  Officer Allen pulled in behind
appellant=s vehicle and activated the emergency lights on his
patrol car.  Officer Allen approached appellant=s vehicle and
engaged appellant in conversation.   Upon speaking with appellant, Officer Allen immediately
detected a strong odor of alcohol, and observed appellant had red, bloodshot
eyes and slurred speech.  After exiting his vehicle, appellant began swaying
back and forth and had difficulty maintaining his balance.  Suspecting appellant
was under the influence of alcohol, Officer Allen administered field sobriety
tests.  Based on his observations of appellant and the results of the field
sobriety tests, which appellant could not perform, Officer Allen arrested
appellant for driving while intoxicated.  Appellant was charged by information
with driving while intoxicated. 

Appellant entered a plea of not guilty and filed a motion
to suppress his oral statements to Officer Allen on the night of his arrest. 
The trial court denied appellant=s motion and,
pursuant to a plea agreement, appellant changed his plea to guilty.  In two
issues, appellant contends the trial court erred in denying his motion to
suppress because appellant=s oral statements were the product of an
illegal seizure and improper custodial interrogation. 

Standard of Review








A bifurcated standard of review is applied to a trial court=s ruling on a
motion to suppress evidence.  Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997).  An appellate court affords almost total deference to a trial
court=s determination of
historical facts supported by the record, especially when the trial court=s findings are
based on an evaluation of credibility and demeanor.  Id.  The appellate
court affords the same amount of deference to a trial court=s ruling on mixed
questions of law and fact if the resolution of those questions turns on an
evaluation of credibility and demeanor.  Id.  The court reviews de novo
those questions not turning on credibility and demeanor.  Id.  At a
suppression hearing, the trial court is the exclusive trier of fact and judge
of the credibility of the witnesses.  Mason v. State, 116 S.W.3d 248,
256 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).  If the trial
judge=s decision is
correct under any theory of law applicable to the case, the decision will be
sustained.  State v. Ross, 32 S.W.3d 853, 855B56 (Tex. Crim.
App. 2000).

Discussion

I.        Was
Appellant Illegally Seized?

In his first issue, appellant claims the trial court erred
in denying his motion to suppress his oral statements to Officer Allen because
his statements were the product of an illegal seizure. Appellant contends
Officer Allen detained appellant, without reasonable suspicion, Athe moment Allen
activated his [emergency] lights and pulled in behind@ appellant=s vehicle.  The
State contends, inter alia, appellant was not seized when Officer Allen
pulled in behind appellant=s vehicle parked in a public place, walked
up to appellant=s vehicle, and engaged appellant in
conversation.[1] 
We agree.  








A seizure or detention occurs if, in light of all the
circumstances surrounding an encounter between a police officer and an
individual, the officer=s conduct would communicate to a
reasonable person that he is not free to go, or not free to refuse the officer=s requests.  Reyes
v. State, 899 S.W.2d 319, 323 (Tex. App.CHouston [14th
Dist.] 1995, pet. ref=d).  A person is seized if, from his or
her perspective, there has been such a display of official authority that a
reasonable person would not have felt that he was free to leave.  Shelby v.
State, 888 S.W.2d 231, 233 (Tex. App.CHouston [1st
Dist.] 1994 pet. ref=d).  However, a person has not been seized
until he has yielded to a law enforcement officer=s show of
authority or when officers physically limit his movement.  Johnson v. State,
912 S.W.2d 227, 234 (Tex. Crim. App. 1995). 

The relevant facts in this case are established by Officer
Allen=s uncontroverted
testimony at the suppression hearing.  Officer Allen testified appellant pulled
into the Stop and Go parking lot and parked his vehicle on his own, and not in
response to any command or request by Officer Allen.  Officer Allen testified, AHe crossed over
Richmond and he pulled over in the Stop and Go parking lot. . . . He did it on
his own and when I saw him pulling into the parking lot, I then pulled out and
got behind him.@  Officer Allen testified he drove his
patrol car into the parking lot, parked behind appellant=s vehicle, and
activated the patrol car=s emergency lights.  Officer Allen
testified appellant=s vehicle was not blocked, and appellant
could have driven away if he chose to.  Officer Allen testified, AHe could have
actually if he had wanted to drive away, he could have turned the wheels to the
left and drove [sic] out of the parking lot.  He didn=t park straight up
against the building. . . .@ Officer Allen walked up to appellant=s vehicle and
engaged appellant in conversation.  Officer Allen testified that upon speaking
with appellant, he Aimmediately@ detected a strong
odor of alcohol, and observed appellant had red, bloodshot eyes and slurred
speech.  








Citing Beasley v. State, 674 S.W.2d 762 (Tex. Crim.
App. [Panel Op.] 1982), appellant argues he was seized when Officer Allen
parked his patrol car behind appellant=s vehicle because
appellant=s vehicle was Ablocked@ or Aobstructed@ by the presence
of the patrol car.  Appellant=s factual assertions are not supported by
the record.  Officer Allen testified appellant=s vehicle was not
blocked, and appellant could have driven away.  Appellant also misreads Beasley. 
In Beasley, the Court of Criminal Appeals held that two occupants of a
disabled vehicle parked in a residential neighborhood were illegally seized by
police, without reasonable suspicion.  Id. at 766B67.  Police
officers parked two patrol cars next to the defendants= vehicle, one
parking Aeye to eye@ with the
defendants= vehicle, and the other parking behind.  Id. 
The officers checked the vehicle registration and ran criminal background
checks on the defendants.  Id.  Contrary to appellant=s contention, the Beasley
court did not conclude the defendants had been seized solely on the basis of
the presence of the police vehicles, and expressly stated it was Areluctant@ to do so.  Id. 
In its seizure analysis, the Beasley court noted, Athough little is
clear from this record, it does establish that at a later point appellants
were in fact >detained= by the officers
to the extent that they had to >ask= for cigarettes
from the truck . . . .@ Id. (emphasis added).  The mere
presence, without more, of a police vehicle in proximity to a motorist is not a
seizure under the Fourth Amendment. 








Appellant next argues he was seized when Officer Allen
parked his patrol car behind appellant=s vehicle because
the emergency lights on the patrol car constituted a show of authority which
would lead a reasonable person to believe he was not free to leave.  Texas
courts have held that when an officer turns on his emergency lights, the
officer has made a sufficient show of authority to turn a consensual encounter
into a detention or seizure.  See, e.g., Garza v. State, 771 S.W.2d 549,
557 (Tex. Crim. App. 1989); Klare v. State, 76 S.W.3d 68, 73 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d).  However, these cases differ from the
present case in a material respect.  The cited cases involve traffic stops of
moving vehicles, whereas here, appellant stopped his vehicle on his own accord
prior to the time  Officer Allen turned on his emergency lights.  None of the
evidence presented indicates that Officer Allen=s use of the
emergency lights produced a stop or detention, or that appellant yielded to
Officer Allen=s show of authority.  Thus, when Officer Allen
approached appellant=s vehicle, there was no seizure; there was
merely an encounter.  See Shelby v. State, No. 2-05-258-CR, 2006 WL
669532, at *3B4 (Tex. App.CFort Worth Mar.
16, 2006, no pet.) (mem. op., not designated for publication) (finding no seizure
occurred when police officer pulled into a parking lot, activated the emergency
lights on his patrol car, and approached defendant=s parked vehicle).

Finally, appellant argues he was seized when he submitted
to Officer Allen=s request to roll down the window on his
vehicle.  Contrary to appellant=s assertion, the record contains no
evidence Officer Allen requested appellant to roll down his window.  The
evidence in this case shows that Officer Allen approached appellant=s vehicle, engaged
appellant in conversation, and Aimmediately@ detected signs of
intoxication.  Based on the evidence introduced at the suppression hearing, we
conclude appellant was not seized when Officer Allen approached appellant=s vehicle, parked
in a public place, and spoke to appellant.[2]   Appellant=s first issue is
overruled.

II.       Appellant=s Statements Were
Not the Result of Interrogation

In his second issue, appellant claims the trial court erred
in denying appellant=s motion to suppress his oral statements
because they were the result of improper custodial interrogation.  Appellant
specifically complains about the admission of his statement, AWell, yes . . .
that=s true.@  Appellant made
the statement while Officer Allen was administering field sobriety tests. Our
review of State=s Exhibit 1, the videotape from Officer
Allen=s police vehicle,
shows the following exchange took place between appellant and Officer Allen:

Allen:           Do you have any
questions?

Appellant:     Yes.

Allen:           What=s your question?

Appellant:     I would like to have
a lawyer present.

Allen: You are a lawyer.








Appellant:     Yes. I=d like to have one who has . . . I=m a corporate lawyer. I deal with
international transactions. I=d like to have a lawyer that knows these things.

Allen:           Ok. Uhm . . .

Appellant:     And I=m about to get arrested. And I=d like a lawyer that . . .

Allen:           You=re right. Go ahead and turn around,
bring your hands behind you.

Appellant:     Okay.

Allen:           You=ve definitely had way too much to
drink to be driving.

Appellant:     Well, yes . . .
that=s true.

Allen:           Well, at least you=re honest.

 

Appellant
argues his statement, AWell yes . . . that=s true,@ and all
statements made by appellant thereafter should have been suppressed pursuant to
Miranda v. Arizona and article 38.22 of the Texas Code of Criminal
Procedure.  See Tex. Code Crim. Proc. Ann. art. 38.22 ' 3(a) (Vernon 2005); Miranda v.
Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).  Specifically,
appellant contends he was subjected to custodial interrogation after having invoked
his right to counsel and without being advised of his statutory warnings.








Article 38.22 of the Code of Criminal Procedure prohibits
the use of an oral statement of an accused made as a result of custodial
interrogation unless an electronic recording is made of the statement,
statutory warnings are given, and the accused knowingly, intelligently, and
voluntarily waives any rights set out in the warnings.  Tex. Code Crim. Proc.
Ann. art. 38.22 ' 3(a).  Miranda and article 38.22
apply only to custodial interrogation.  Id. ' 5; Miranda,
384 U.S. at 444, 86 S.Ct. at 1612; Dowthitt v. State, 931 S.W.2d 244,
263 (Tex. Crim. App. 1996).  Section 5 of article 38.22 expressly provides that
nothing in article 38.22 precludes the admission of statements which do not
stem from custodial interrogation, statements which are Ares gestae of the
arrest or the offense,@ and all voluntary statements, whether or
not they result from custodial interrogation. Tex. Code Crim. Proc. Ann. art. 38.22 ' 5.

It is undisputed that appellant was not advised of his statutory
warnings prior to making the statement in question. Therefore, the
admissibility of appellant=s statement rests upon whether the
statement was the result of custodial interrogation.  Assuming without deciding
that appellant was in custody at the time he made his statement, we find that
appellant=s statement was voluntary and not the product of
interrogation.  

AInterrogation@ is defined as any
words or actions by the police that they should have known are reasonably
likely to elicit an incriminating response.  Rhode Island v. Innis, 446
U.S. 291, 301, 100 S.Ct. 1682, 1689-90, 64 L.Ed.2d 297 (1980). Questioning
which occurs as a normal incident of arrest and custody is not interrogation. Id. 
Further, offhand remarks, not designed to elicit a response, do not constitute
custodial interrogation. Id., 446 U.S. at 302, 100 S.Ct. at 1690;
Murray v. State, 864 S.W.2d 111, 114 (Tex. App.CTexarkana 1993,
pet. ref'd).

Officer Allen=s statement to
appellant was not one that Officer Allen should have known was reasonably
likely to elicit an incriminating response and, therefore, was not
interrogation.  Officer Allen told appellant, AGo ahead and turn
around, bring your hands behind you. You=ve definitely had
too much to drink to be driving.@  Viewed in
context, Officer Allen was merely informing appellant of the reason for his
arrest.  Therefore, appellant=s statement, AWell, yes . . .
that=s true,@ was voluntary and
did not stem from custodial interrogation. See Tex. Code Crim. Proc. Ann. art. 38.22 ' 5. 








This court addressed a similar situation in Galloway.
See Galloway v. State, 778 S.W.2d 110, 112 (Tex. App.CHouston [14th
Dist.] 1989, no pet.). In Galloway, police stopped the defendant for
speeding and suspicion of DWI. Id.  After observing the defendant=s difficulty
performing field sobriety tests, the officer informed the defendant he was
under arrest. Id. The defendant immediately asked for Aa break@ and admitted
making Aa mistake@ and going out Ato get-faced@ because of
problems with his girlfriend. Id. This court held that the defendant was
in custody, but his statements were not the product of interrogation. Id. 
Nothing in the record indicated that police obtained the statement by the type
of coercive, focused inquiry which would have amounted to interrogation and
implicated the protections of Miranda and article 38.22. Id. at
113. 

Just as in Galloway, appellant=s statement was
made voluntarily in response to the news of his arrest.  Allen did not obtain
the statement by the type of coercive, focused inquiry which would have
amounted to an interrogation.  Accordingly, we conclude that appellant=s statement, AWell, yes . . .
that=s true,@ did not result
from custodial interrogation for purposes of Miranda and article 38.22. 
Appellant also claims that all statements made by him thereafter should have
been suppressed.  Our review of the record shows that appellant made only a
few, brief statements while being handcuffed and searched, all of which were
made in response to questioning which occurred as a normal incident to arrest
and custody.  See McCambridge v. State, 712 S.W.2d 499, 505 (Tex. Crim.
App. 1986) (holding questioning normally attendant to arrest and custody is not
interrogation).  Accordingly, appellant=s second issue is
overruled.  

Conclusion

Having considered and overruled each of appellant=s two issues on
appeal, we affirm the judgment of the trial court.

 

 

/s/      John S. Anderson

Justice

 

Judgment rendered and Memorandum
Opinion filed August 21, 2007.

Panel consists of Justices Yates,
Anderson, and Hudson.

Do Not
Publish B Tex. R. App. P. 47.2(b).









[1]  The State argues, in the alternative, that even if a
seizure of appellant did occur, the temporary detention of appellant was
justified based upon reasonable suspicion appellant committed traffic
violations.  The State further contends Officer Allen was justified in stopping
appellant to inquire about his safety under the community caretaking exception
to the warrant requirement. Because we find appellant was not seized when
Officer Allen pulled up behind appellant=s
parked vehicle and spoke to appellant, we need not address the State=s alternative arguments.





[2]  Appellant does not argue that he was illegally
seized after his initial encounter with Officer Allen.