NO. 07-10-00137-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
FEBRUARY 28, 2012
--------------------------------------------------------------------------------

 
 CHRIS LENAL STALLWORTH, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 54TH DISTRICT COURT OF MCLENNAN COUNTY;
 
 NO. 2009-951-C2; HONORABLE MATT JOHNSON, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION
 
Appellant Chris Lenal Stallworth appeals from his conviction by jury of the felony offense of burglary of a habitation and the resulting sentence of eighty years of imprisonment. Through two issues, appellant argues the trial court erred by refusing his requested instruction on the lesser-included offense of criminal trespass of a habitation and by admitting an oral custodial statement made by appellant.
 
 
 Background
 Appellant was indicted, via a July 2009 indictment, of burglary of a habitation. Appellant plead not guilty and the case was tried to a jury. 
 At trial, the owner of the home testified no one lived at the residence but it had water service and was suitable for overnight guests. She testified that on the day in question she found a window had been broken out and the front door looked as though it had been kicked. She noticed the microwave that was usually in the home was missing. 
 The owner's son testified that on the same day, he was at a nearby address, heard noises and barking dogs, and saw a man climbing out of the broken window. The son chased the man down and held him until police arrived. The man was later identified as appellant.
 A Waco police officer testified he was dispatched to the scene and took appellant into custody. He testified that while appellant was in custody in the back of his patrol car, appellant said "that this wasn't going to be anything other than a theft because the house was vacant." 
 Following presentation of the evidence, the jury found appellant guilty and assessed punishment as noted.
 
 
 Analysis
Instruction on Lesser-Included Offense of Criminal Trespass
 The trial court's decision not to submit a lesser-included-offense instruction is reviewed for abuse of discretion. Jackson v. State, 160 S.W.3d 568, 574 (Tex.Crim.App. 2005); Threadgill v. State, 146 S.W.3d 654, 666 (Tex.Crim.App. 2004). A defendant is entitled to a lesser-included-offense instruction if the lesser offense is included within the proof necessary to establish the offense charged and if there is some evidence that would permit the jury to rationally find that the defendant, if guilty, is guilty only of the lesser offense. Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.Crim.App. 1993); Royster v. State, 622 S.W.2d 442, 446 (Tex.Crim.App. 1981). Regardless of its strength or weakness, if any evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given. Saunders v. State, 840 S.W.2d 390, 391 (Tex.Crim.App. 1992). However, it is not enough that the evidence supporting the greater charged offense is weak, the evidence supporting the greater charge is discredited or weakened during cross-examination, or the jury disbelieves crucial evidence pertaining to the greater offense. Bignall v. State, 887 S.W.2d 21, 24 (Tex.Crim.App. 1994). There must be some evidence "directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser included offense is warranted." Id. The evidence must establish that the lesser-included offense is a valid, rational alternative to the charged offense. Rice v. State, 333 S.W.3d 140, 145 (Tex.Crim.App. 2011).
A person commits burglary when the person, without the effective consent of the owner, enters a habitation with the intent to commit a felony, including theft; or enters a habitation and commits or attempts to commit a felony, including theft. Tex. Penal Code Ann. § 30.02(a)(1), (3) (West 2011). To secure a conviction for criminal trespass, the State must prove: a person, without effective consent, enters or remains on the property or in a building of another, knowingly or intentionally or recklessly, when he had notice that entry was forbidden or received notice to depart but failed to do so. Tex. Penal Code Ann. §§ 6.02(c), 30.05(a) (West 2003). A habitation inherently provides notice that entry is forbidden. Salazar v. State, 284 S.W.3d 874, 878 (Tex.Crim.App. 2009).
 At trial, the court denied appellant's request for a jury instruction on the lesser-included offense of criminal trespass of a habitation. On appeal, appellant argues he was entitled to the instruction and the trial court erred in refusing to give it.
 Criminal trespass can be a lesser-included offense of burglary of a habitation. Goad v. State, 354 S.W.3d 443, 445 (Tex.Crim.App. 2011); see Hall v. State, 225 S.W.3d 524, 535-36 (Tex.Crim.App. 2007) (stating standard). The State charged appellant in an indictment stating that he, "with intent to commit theft, enter[ed] a habitation, without the effective consent of DORIS LLOYD, the owner thereof." We turn now to the evidence presented at trial and whether there was some evidence that would have permitted the jury to rationally find that the appellant, if guilty, is guilty only of criminal trespass.
 Appellant argues evidence negating the element of the intent to commit theft, making him guilty only of criminal trespass, is found in the absence of evidence showing property from inside the home was found on him at any time; appellant's mother's testimony appellant had told her earlier that evening he was going to talk to someone concerning a job; and a witness's testimony appellant was working for him around the period of time the offense occurred. The State argues none of this evidence negates the intent to commit theft element. We agree with the State.
 Appellant did not testify in his own defense. The evidence to which appellant directs our attention, even if believed, does not affirmatively negate or rebut the evidence of intent to commit theft and show he is guilty only of criminal trespass of a habitation. That a person desires a job, or has been working, does not negate or rebut the existence of an intent to take the property of another. See Goad, 354 S.W.3d at 450. It thus is not evidence that would have permitted the jury to reach a rational conclusion that if guilty, appellant was guilty only of criminal trespass. We overrule appellant's first issue.
Appellant's Oral Statement
 In appellant's second issue, he contends that his statement to the officer in his patrol car that "it wasn't going to be anything more than a theft because the house was vacant" was inadmissible because it was the result of custodial interrogation. Therefore, he argues, the statement should have been suppressed.
A trial court's evidentiary rulings are viewed on appeal under an abuse of discretion standard. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. Casey v. State, 215 S.W.3d 870, 879 (Tex.Crim.App. 2007). As long as the trial court's ruling falls within the zone of reasonable disagreement, we will affirm its decision. Moses v. State, 105 S.W.3d 622, 627 (Tex.Crim.App. 2003). 
Article 38.22 of the Code of Criminal Procedure prohibits the use of an oral statement of an accused made as a result of custodial interrogation unless an electronic recording is made of the statement, statutory warnings are given, and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warnings. Tex. Code Crim. Proc. Ann. art. 38.22 § 3(a) (West 2012). Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and article 38.22 apply only to custodial interrogation. Tex. Code Crim. Proc. Ann. art. 38.22, § 5; Miranda, 384 U.S. at 444, 86 S. Ct. at 1612; Dowthitt v. State, 931 S.W.2d 244, 263 (Tex.Crim.App. 1996). Section 5 of article 38.22 expressly provides that nothing in article 38.22 precludes the admission of statements which do not stem from custodial interrogation. Tex. Code Crim. Proc. Ann. art. 38.22 § 5.
"Interrogation" is defined as any words or actions by the police that they should have known are reasonably likely to elicit an incriminating response. Rhode Island v. Innis, 446 U.S. 291, 301, 100 S. Ct. 1682, 1689-90, 64 L. Ed. 2d 297 (1980). Questioning which occurs as a normal incident of arrest and custody is not interrogation. Id. Further, offhand remarks, not designed to elicit a response, do not constitute custodial interrogation. Id., 446 U.S. at 302, 100 S. Ct. at 1690; Murray v. State, 864 S.W.2d 111, 114 (Tex.App.--Texarkana 1993, pet. ref'd). We determine the voluntariness of a statement based on an examination of the totality of the circumstances under which it was obtained. Creager v. State, 952 S.W.2d 852, 855 (Tex.Crim.App. 1997). 
 At the time appellant made the statement, he had been arrested and read his rights under Miranda. Shortly after his arrest, he complained of shortness of breath and pain in his chest. An ambulance was called and appellant was transported to the hospital. After the scene at the house was processed, the officer went to the hospital and waited for appellant to be released. When he was, an hour or two after the officer's arrival, the officer placed appellant in his patrol car. Appellant asked the officer what he was being charged with. The officer told him he was being charged with burglary and in response, appellant told the officer he did not break into the house and the witness was a liar. The officer told appellant the witness did not appear to be lying. Appellant then told the officer it wasn't going to be anything more than a theft because the house was vacant. He also indicated he knew the house was vacant because he knew the neighborhood. None of the statements were recorded.
 We find the officer's statements to appellant were not of the type he should have known were reasonably likely to elicit an incriminating response and therefore did not constitute interrogation. Appellant's statements were made voluntarily in response to the news of his arrest. The officer did not obtain the statement by the type of coercive, focused inquiry which would have amounted to an interrogation. See, e.g., Galloway v. State, 778 S.W.2d 110, 112 (Tex.App. -- Houston [14[th] Dist] 1989, no pet.) (similar finding). Compare Barker v. State, No. 01-04-00447-CR, 2005 Tex.App. LEXIS 5708 (Tex.App. -- Houston [1[st] Dist.] 2005, no pet.) (mem. op., not designated for publication) (defendant admitted having several beers after which the officer asked how many he had; court determined appellant's answer of seven or eight beers was inadmissible because it was in response to custodial interrogation). The statements made by appellant were voluntary and did not stem from custodial interrogation. See Tex. Code Crim. Proc. Ann. art. 38.22; Miranda, 384 U.S. at 444. The trial court did not err in admitting appellant's statement. Houston v. State, No. 08-07-00047-CR, 2009 Tex.App. LEXIS 2760 (Tex.App. -- El Paso April 23, 2009, no pet.) (mem. op., not designated for publication) (finding "appellant freely engaged in conversation with the police officers and voluntarily made the statements without the necessity of any questioning, much less coercion, on the part of the police").
 We overrule appellant's second issue and affirm the judgment of the trial court.

. James T. Campbell
 Justice

Do not publish.